Tammy Talley and her husband, Lawrence Talley, sued Dr. Marc Q. Sonnier in the Houston Circuit Court, alleging medical malpractice. Although the appellant named Lawrence Talley as an appellee on his notice of appeal, the plaintiffs had moved to voluntarily dismiss Lawrence *Page 383 
Talley as a party to this action, on March 18, 2000. The trial court had granted their motion on March 28, 2000. Thus, hereinafter we will sometimes refer only to Mrs. Talley as the plaintiff. Dr. Sonnier appeals by permission from the denial of a motion for summary judgment he had filed in that action. The specific issue presented is procedural: Whether the plaintiff's claims of misrepresentation, which she asserted in an amended complaint, related back to the filing of her original complaint so as to be timely. We conclude that Talley's claims of misrepresentation related back to the filing of the original complaint and thus were timely. We affirm the trial court's order denying Dr. Sonnier's motion for a summary judgment.
 Background and Facts
Before April 1991, Dr. Sonnier and/or Dr. Robert van der Meer had diagnosed Tammy Talley, a 25-year-old woman, as having cervical cancer and requiring a hysterectomy. This hysterectomy was performed on April 1, 1991, at Flowers Hospital. After the surgery, Dr. Sonnier represented to Talley that he had removed all of the cancerous cells but that, because she had had cancer, she was more likely in the future to have cancer than other people would be and therefore needed to return for more frequent examinations and checkups than she might otherwise have. Dr. Sonnier examined Talley in October 1991 to determine if the cancer had returned.
In December 1994, Talley read an article about unnecessary hysterectomies, and reading it prompted her to obtain her medical records from Dr. Sonnier and Flowers Hospital. After discovering from those medical records that she had never had cancer, Talley and her husband filed a three-count complaint against Dr. Sonnier, Dr. van der Meer, and Flowers Hospital, alleging general negligence and malpractice occurring during the period June 1990 through October 1991, failure to obtain informed consent, and loss of consortium. This complaint was filed on April 5, 1995. On September 19, 1995, Talley filed an amended complaint, in which she alleged that the defendants had made misrepresentations of fact related to the surgery, the cancer, and her health during the period from June 1991 through October 1991.
On November 1, 1995, the trial court entered a summary judgment for Dr. Sonnier, Dr. van der Meer and Flowers Hospital, holding that Talley's claims were time barred. Talley appealed the summary judgment; this Court transferred the appeal to the Court of Civil Appeals. The Court of Civil Appeals reversed the judgment and remanded the action, stating:
 "In reviewing the statute and case law, we find support for the Talleys' argument that they produced substantial evidence to create a material issue of fact regarding the dates for their cause of action. Therefore, the summary judgment could not be based on the statute of limitations. While we agree that the hysterectomy and the initial diagnosis of cancer occurred more than four years before the Talleys sued, Mrs. Talley made follow-up visits, in which she says she was told that she had had cancer, that the cancer had been removed, and that she needed regular check-ups to guard against recurrence. We conclude that the evidence of these misrepresentations created a genuine issue of fact as to the date on which the claims would have been barred and that a jury could determine that on each visit a separate act of malpractice occurred."
Talley v. Sonnier, 707 So.2d 631, 633 (Ala.Civ.App. 1996) ("Sonnier I").
This Court granted the defendants' petition for a writ of certiorari to the Court of Civil Appeals. See Ex parte Sonnier, 707 So.2d 635 *Page 384 
(Ala. 1997) ("Sonnier II"). In Sonnier II, this Court held that the AMLA barred Talley's claims based on the hysterectomy itself, because that act had occurred more than four years before the filing of Talley's complaint. However, this Court also held that Talley's claims alleging misrepresentations, made during the course of the physician-patient relationship, would have constituted separately actionable incidents of malpractice.
 "These alleged misrepresentations took place after the surgery, from April 1991 until October 1991. . . . Therefore, the statutory limitations period for these alleged incidents of malpractice is also two years, although the running of that period would be tolled by Mrs. Talley's inability to discover the fact that she had a cause of action. Because the Talleys allege that several of the misrepresentations were made after April 5, 1991, the four-year period of repose would not bar claims based on those incidents, if those incidents do give rise to actionable claims of malpractice.
 "Because the Talleys timely filed the complaint with respect to the misrepresentations Mrs. Talley says the doctors made subsequent to the surgery, this Court must determine whether the Talleys presented substantial evidence to support their malpractice claims. Although the circuit court appears to have entered the summary judgment for the defendants on the basis that the statute of limitations barred the action, this Court would affirm the judgment if it was proper for some other reason. . . .
 "[After reviewing the evidence presented, the Court concluded that the Talleys had presented substantial evidence supporting their misrepresentation claims.]
 "Therefore, Mrs. Talley's failure to discover the injury can operate to toll the running of the limitations period and to extend the last date for filing a complaint to six months after the discovery of the injury, although it cannot operate to extend that date beyond the four-year period of repose provided in Ala. Code 1975, § 6-5-482. Because of this period of repose, the summary judgment was proper as to those claims related to the alleged acts of malpractice that occurred more than four years before April 5, 1995 (the date the complaint was filed). However, in regard to the claims of malpractice based on the allegations of false representations made on or after April 5, 1991, the circuit court erred in entering the summary judgment for the defendant doctors, and the judgment of the Court of Civil Appeals reversing the summary judgment is due to be affirmed as to those claims."
Sonnier II, 707 So.2d at 638-41 (emphasis added).
In compliance with this Court's opinion in Sonnier II, the Court of Civil Appeals remanded the case to the trial court for further proceedings consistent with that opinion. See Talley v. Sonnier,707 So.2d 642 (Ala.Civ.App. 1997).
Upon remand, Dr. Sonnier and Dr. van der Meer filed a motion for summary judgment. In that motion, Dr. Sonnier and Dr. van der Meer argued that Talley's claims of misrepresentation could not relate back to the date the original complaint was filed, under Ala.R.Civ.P. 15(c), because the original complaint alleged only malpractice claims stemming from the surgery itself and the misrepresentation claims had been held to state "separately actionable incidents of malpractice," Sonnier II, 707 So.2d at 638, incidents separate and distinct from the surgery incident. Thus, Dr. Sonnier and Dr. van der Meer argued, the misrepresentation incidents, as a matter of law, could not arise from the same conduct, *Page 385 
transaction, or occurrence set forth in the original complaint. Further, Dr. Sonnier and Dr. van der Meer argued that because the amended complaint, which contained the misrepresentation claims, could not relate back to the date the original complaint was filed, and the misrepresentation claims were filed more than two years after the alleged misrepresentations were made and more than six months after their discovery, the misrepresentation claims were time barred.
The trial court granted the motion for a summary judgment as to Dr. van der Meer because Talley could not recall the substance of any of her conversations with him after the date of the surgery. However, on February 2, 2000, the trial court denied the motion as to Dr. Sonnier. On February 14, 2000, the trial court certified that its ruling on Dr. Sonnier's motion involved a controlling question of law, so that Dr. Sonnier could seek an immediate appeal under Rule 5, Ala.R.App.P. Sonnier had 14 days (until February 28) to file his petition for permission to appeal.
Rather than filing a petition for permission to appeal by February 28, 2000, Dr. Sonnier filed another motion for summary judgment, styled as a "Renewed Motion for Summary Judgment." In support of his "renewed summary-judgment motion," Dr. Sonnier asserted the same grounds he had asserted in support of his previous motion for summary judgment. However, he included a new argument in his supporting brief. In this subsequently filed brief, Dr. Sonnier argued that, because in SonnierII, all of the claims asserted in the original complaint were held to be time barred, no valid claims survived in the original complaint to support Talley's later-filed amendments to that original complaint. Dr. Sonnier cited no caselaw to support this argument.
On March 2, 2000, the trial court denied Dr. Sonnier's renewed motion. On that same date, the court certified that the denial involved a controlling question of law and was appropriate for immediate appeal.
On March 16, 2000, exactly 14 days later, Dr. Sonnier filed with the clerk of this Court a petition for permission to appeal, pursuant to Rule 5, Ala.R.App.P., from the trial court's March 2, 2000 ruling. Thus, Dr. Sonnier's petition for permission to appeal was timely filed as to the March 2, 2000, ruling. However, on June 8, 2000, this Court notified the parties that it had entered an order granting permission to appeal from the interlocutory order entered on February 14, 2000.[1]
 Issues on Appeal
Dr. Sonnier raises multiple issues on appeal. First, he argues that Talley's amended complaint, in which she asserted her misrepresentation claims, did not relate back to the date of her original complaint and that it is, therefore, barred by the applicable statute of limitations. Sonnier asserts two bases for this argument: he argues that because this Court in Sonnier II held that Dr. Sonnier's alleged misrepresentations constituted separately *Page 386 
actionable incidents of alleged malpractice, those incidents of alleged misrepresentation cannot, as a matter of law, arise from the same conduct, transaction, or occurrence set forth in the original complaint. He also argues that because this Court in Sonnier II held that all claims asserted in the original complaint were untimely filed, the amended complaint cannot relate back to the original complaint.
Second, Dr. Sonnier argues that any statements in Sonnier II to the effect that Talley's misrepresentation claims were timely filed were merely dicta and are not controlling over the issues before this Court. Third, Dr. Sonnier asserts that any argument by Talley that Dr. Sonnier should have raised the relation-back issue on application for rehearing in Sonnier II ignores established caselaw, is inconsistent with the practical application of the Alabama Rules of Civil Procedure and seeks to nullify § 12-2-13, Alabama Code 1975.
 Discussion
We do not read this Court's opinion in Sonnier II to support Dr. Sonnier's position on this appeal. Dr. Sonnier argues in his brief that the Sonnier II Court held that "all of the claims alleged in Plaintiff's initial April 5, 1995 Complaint were barred by the statute of limitations since they were based on an alleged negligent act which occurred four years and four days prior to the Complaint's filing." This is an inaccurate characterization of the holding of Sonnier II.
Sonnier II did not hold that all of the claims asserted in the Talleys' original complaint were time barred. Rather, the Sonnier II Court specifically held that Talley's claims relating to the hysterectomy itself and any claims arising out of events or actions preceding the date of that surgery were time barred. However, this Court also expressly held that "the Talleys timely filed the complaint with respect to themisrepresentations Mrs. Talley says the doctors made subsequent to the surgery." Sonnier II, 707 So.2d at 638 (emphasis added). Moreover, this Court reviewed the record before it and found substantial evidence supporting the Talleys' allegations of malpractice (i.e., the misrepresentations). Thus, the Sonnier II Court held that the trial court erred in entering a summary judgment for the defendant doctors on Talley's misrepresentation claims on the basis of the statute of limitations.
This analysis of the holding of Sonnier II readily disposes of one prong of Dr. Sonnier's first argument on appeal. As noted above, this Court in Sonnier II did not hold that all of the claims asserted in Talley's original complaint were time barred. Thus, this Court need not consider Sonnier's argument that an untimely filed complaint will not support a later amendment.
However, this analysis does not completely resolve the question whether Talley's later-filed misrepresentation claims may relate back to the date of her original complaint. Rule 15(c), Ala.R.Civ.P., which allows relation back of amendments, states in pertinent part: "An amendment of a pleading relates back to the date of the original pleading when . . . (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading. . . ." Regarding Rule 15(c), this Court has quoted the following with approval:
 "`Rule 15(c) is based on the concept that a party who is notified of litigation concerning a given transaction or occurrence has been given all of the notice that statutes of limitation are intended to afford. Thus, if the original pleading gives fair notice of the general fact situation out of which the claim or defense *Page 387 
arises, an amendment which merely makes more specific what has already been alleged, such as by specifying particular acts of negligence under a general allegation of negligence, or remedies a defective pleading, will relate back even though the statute of limitations has run in the interim. Similarly, while it is still the rule that an amendment which states an entirely new claim for relief based on different facts will not relate back, if the pleading sufficiently indicates the transaction or occurrence on which the claim or defense is based, amendments correcting specific factual details such as time and place, as well as other items, will relate back.
 "The [Alabama Rules of Civil Procedure] have broadened the meaning of the concept of `cause of action,' shifting the emphasis from a theory of law as to the cause of action, to the specified conduct of the defendant upon which the plaintiff relies to enforce his claim. And an amendment which changes only the legal theory of the action, or adds another claim arising out of the same transaction or occurrence, will relate back. Thus, an amendment will relate back which changes the theory of recovery as to the type of negligence claimed, or adds additional grounds of negligence, changes the theory of the action from one based on contract to one sounding in tort, changes a demand for equitable relief to one for legal relief, states a different fulfillment of conditions precedent, or increases the amount of damages claimed.'"
National Distillers Chem. Corp. v. American Laubscher Corp.,338 So.2d 1269, 1273-74 (Ala. 1976), quoting 3 James W. Moore et al.,Moore's Federal Practice and Procedure, ¶ 15.15[3], pp. 1025-31 (1968 ed.) (emphasis added).
Talley's original complaint contained three counts, the first of which was a general count alleging negligence and malpractice against Dr. Sonnier in regard to his rendering medical care and treatment to Talley from June 1990 through, and including, October 1991. Thus, Talley alleged general negligence and malpractice in her original complaint arising out of and related to Dr. Sonnier's medical treatment of her during the period specified therein. This period included the months following Talley's surgery.
In her amended complaint, Talley restated the allegations contained in her original complaint and added allegations that, during the months following her surgery, Dr. Sonnier and Dr. van der Meer made misrepresentations of fact regarding her purported cancer, the need she was supposed to have had for a hysterectomy, and the need for her to return for medical care to avoid a recurrence of cancer. Thus, Talley's amended complaint may be construed to state claims of negligence and malpractice arising out of, and related to, the medical care provided to her after the surgery.
As recognized in National Distillers, supra (quoting Moore's FederalPractice), "`an amendment which merely makes more specific what has already been alleged, such as by specifying particular acts of negligence under a general allegation of negligence, . . . will relate back even though the statute of limitations has run in the interim.'" 338 So.2d at 1273. Because the allegations of Talley's original complaint gave Dr. Sonnier fair notice of the general fact situation out of which her allegations of misrepresentation arise, her misrepresentation claims relate back to the date the original complaint was filed.
Additionally, the fact that this Court in Sonnier II held that the alleged incidents *Page 388 
of misrepresentation constituted "separately actionable incidents of malpractice," for purposes of the statute of limitations, does not prevent Talley's misrepresentation claims from relating back to the date of the original complaint. The original complaint alleged, in general terms, several incidents of malpractice, occurring at various times throughout June 1990 through October 1991. Through her original complaint and her amended complaint, Talley has simply alleged multiple claims of malpractice, some of which accrued at different times but all of which relate back to the filing of her original complaint. Accordingly, the holding of Sonnier II does not, as a matter of law, prevent Talley's claims of misrepresentation from relating back to the filing of her original complaint on April 5, 1995.
Next, Dr. Sonnier argues that any statements in Sonnier II to the effect that Talley's misrepresentation claims were timely filed were merely dicta and are not controlling upon the issues now before this Court. Again, we find Dr. Sonnier's characterization of Sonnier II to be inaccurate.
The general issue considered by the Court in Sonnier II was whether the trial court properly entered the summary judgment for Dr. Sonnier, Dr. van der Meer, and Flowers Hospital on Talley's medical-malpractice claims. See 707 So.2d at 637. In addition to considering whether the summary judgment was proper as to the malpractice claim arising from the performance of the hysterectomy itself, the Sonnier II Court specifically considered whether the summary judgment was proper as to the malpractice claim based on the misrepresentations alleged to have been made by the doctors after the hysterectomy. See id. ("[A]ny claims arising from the performance of the hysterectomy itself are barred by the four-year period of repose. The remaining question is whether the summary judgment was proper as to the claims based on alleged misrepresentations by Mrs. Talley's doctors after her surgery.").
After determining that the malpractice claims based on the alleged misrepresentations made following the surgery had been timely filed ("the Talleys timely filed the complaint with respect to the misrepresentations Mrs. Talley says the doctors made subsequent to the surgery," 707 So.2d at 638), the Court then proceeded to determine whether the Talleys presented substantial evidence to support their malpractice claim based on those misrepresentations. Id. at 638 ("Although the circuit court appears to have entered the summary judgment for the defendants on the basis that the statute of limitations barred the action, this Court would affirm the judgment if it was proper for some other reason."). Finally, the Court summarized its holding on the misrepresentation claims by stating "in regard to the claims of malpractice based on the allegations of false representations made on or after April 5, 1991, the circuit court erred in entering the summary judgment for the defendant doctors [on the basis of the statute of limitations], and the judgment of the Court of Civil Appeals reversing the summary judgment is due to be affirmed as to those claims." Id. at 640-41.
Based on the language quoted here from Sonnier II, it can hardly be disputed that the Sonnier II Court directly considered the issue whether Talley's misrepresentation claims were timely filed and that it held that those claims were not barred by the statute of limitations. This Court's holding on an issue directly considered by it can hardly be considered dictum. "It is well established that on remand the issues decided by an appellate court become the `law of the case,' and that the trial court must comply with the appellate *Page 389 
court's mandate." Gray v. Reynolds, 553 So.2d 79, 81 (Ala. 1989). The mandate of Sonnier II required the trial court to deny Dr. Sonnier's renewed motion for summary judgment, and it requires this Court to affirm the trial court's order doing that.
Third, Dr. Sonnier asserts that any argument by Talley that Dr. Sonnier should have raised the relation-back issue on an application for rehearing in Sonnier II ignores established caselaw, is inconsistent with the practical application of the Alabama Rules of Civil Procedure, and seeks to nullify § 12-2-13, Ala. Code 1975. Based on our analysis of the issues discussed above, we pretermit consideration of these additional issues.
We affirm the trial court's order denying Dr. Sonnier's motion for summary judgment.
AFFIRMED.
Moore, C.J., and Lyons, Brown, Johnstone, Harwood, and Woodall, JJ., concur.
Houston, J., concurs in the result.
See, J., dissents.
[1] It appears that no prejudice resulted from this apparent clerical error. Dr. Sonnier timely sought permission to appeal from the March 2, 2000, order; he did not seek permission to appeal from the February 14, 2000, order and, as argued by Talley, had Dr. Sonnier's March 16, 2000, petition to appeal requested such permission, that request would have been untimely. It is unclear why this Court's order of June 8, 2000, referred to the trial court's February 14, 2000, order. In any event, Dr. Sonnier's petition for permission to appeal from the March 2, 2000, order was timely filed, and permission to appeal was not improvidently granted. The order granting that permission to appeal simply contained an error.