Deborah Ann Prior appeals from an order dismissing her second amended complaint in a medical-malpractice case. Because we hold that her second amended complaint does not relate back to her original complaint, as amended, and was thus barred by the applicable statute of limitations, we affirm.
 Facts and Procedural History
In August 1999, Stephen Albert Prior sought medical treatment from Cancer Surgery of Mobile, P.C. ("Cancer Surgery"), for gastric cancer. On August 16, 1999, he underwent a gastrectomy, an esophagojejunostomy, and a lymphnode dissection. Eight days later, he underwent a second surgery, allegedly in part because those responsible for his postoperative care following his first surgery had been negligent in monitoring him.
At the time Prior sought medical care from Cancer Surgery, Bradley Scott Davidson, M.D., and Gaylord T. Walker, M.D., were employed there. Prior was Dr. Davidson's patient, and Dr. Davidson monitored Prior and performed postoperative treatment during Prior's hospital stay in August 1999. Over the weekend of August 20 to August 22, 1999, Dr. Davidson was unavailable, and Dr. Walker was *Page 1094 
caring for Dr. Davidson's patients, including Prior. Prior died in the hospital on August 31, 1999, allegedly as a result of substandard medical care.
On August 8, 2001, Prior's wife, Deborah Ann Prior, sued Dr. Davidson and Cancel' Surgery, among others, alleging medical malpractice and wrongful death. Mrs. Prior also asserted claims of vicarious liability for Prior's death. Dr. Davidson and Cancer Surgery moved to dismiss Mrs. Prior's complaint or, in the alternative, for a more definite statement. To "more fully comply with the pleading requirements of § 6-5-551 of the Code of Alabama," Mrs. Prior filed her first amended complaint on October 25, 2001, to plead with specificity that she sought to hold Cancer Surgery vicariously liable for Dr. Davidson's actions in treating Prior, noting, in particular:
 "Defendant Davidson failed to perform a proper espohagojejunostomy [sic]. He failed to properly test the adequacy of the espohageal [sic] anastomosis. He failed to promptly and properly diagnose leakage at the espohagojejunostomy [sic] and failed to promptly perform the necessary and indicated diagnostic testing to assess for perforation and/or leakage. He failed to promptly perform the necessary and indicated exploratory laparotomy. He failed to promptly and properly institute IV antibiotics. He abandoned the patient and failed to appreciate the patient's signs, symptoms, and complaints. Defendant Davidson further ignored clinical symptoms of gastrointestinal leak. He caused significant delay in the treatment of the gastrointestinal leak."
On August 13, 2002, Mrs. Prior filed a second amended complaint. In this second amended complaint, Mrs. Prior sought to hold Cancer Surgery vicariously liable for the conduct of Dr. Walker as well as for that of Dr. Davidson. She alleged that Dr. Walker
 "failed to appropriately supervise the resident/medical student on duty on August 22, 1999; failed to diagnose the anastamotic leak and/or failed to appreciate the danger posed by the leak on August 22, 1999; failed to order the appropriate diagnostic studies to determine the severity of the leak and failed to intervene such that surgery could be done on August 22, 1999."
Cancer Surgery moved to dismiss the second amended complaint, arguing that the claims against Cancer Surgery based on Dr. Walker's conduct failed to "relate back" to the date of the original pleading under Rule 15(c)(2), Ala. R. Civ. P. Thus, it argued, the second amended complaint was time-barred because the two-year statute of limitations for claims against Dr. Walker had expired. The trial court granted the motion and certified it as a final appealable order pursuant to Rule 54(b), Ala. R. Civ. P. Mrs. Prior now appeals the trial court's dismissal of her second amended complaint. We agree with the trial court that Mrs. Prior's second amended complaint does not relate back to her original complaint; we therefore affirm.
 Issue
The issue presented is whether Mrs. Prior's second amended complaint, alleging that Cancer Surgery is vicariously liable for Dr. Walker's conduct on August 22, 1999, relates back under Rule 15(c), Ala. R. Civ. P., to her original complaint, as amended, which alleged that Cancer Surgery is vicariously liable for Dr. Davidson's conduct during Prior's August 1999 hospital stay.
 Standard of Review
This Court reviews de novo the trial court's application of Rule 15(c)(2). Whitfield v. Murphy, 475 So.2d 480, 483 *Page 1095 
(Ala. 1985) (stating that "[t]he relation-back doctrine of Rule 15(c) . . . is an objective standard and its application under the prescribed circumstances is nondiscretionary");Cummins Engine Co. v. Invictus Motor Freight, Inc.,641 So.2d 761, 764 (Ala. 1994); and Gulf States Steel, Inc.v. William Clarence White, 742 So.2d 1264, 1267
(Ala.Civ.App. 1999).
 Analysis
The Alabama Rules of Civil Procedure allow parties to amend their complaints. Rule 15(a), Ala. R. Civ. P. Even if otherwise barred by the applicable statute of limitations, an amendment to a complaint may be allowed if it "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading. . . ." Rule 15(c)(2), Ala. R. Civ. P.[1] However, if allowing the plaintiff to amend his or her complaint would prejudice the opposing party, the amendment should be denied. Ex parte Johnston-Tombigbee FurnitureMfg. Co., 937 So.2d 1035 (Ala. 2005). Thus, we consider the issue whether Mrs. Prior's second amended complaint relates back to the original complaint under Rule 15(c)(2), Ala. R. Civ. P., and, if so, whether allowing Mrs. Prior to amend her complaint would prejudice Cancer Surgery.
An amended complaint relates back to the original complaint under Rule 15(c)(2), Ala. R. Civ. P., when "`the same substantial facts are pleaded merely in a different form.'"Ex parte Johnston-Tombigbee Furniture,937 So.2d at 1038 (quoting Court of Civil Appeals' opinion inJohnston-Tombigbee Furniture Mfg. Co. v. Berry,937 So.2d 1029, 1032 (Ala.Civ.App. 2004), quoting other cases). Here, however, Mrs. Prior's second amended complaint alleges facts not alleged in the original complaint or in the first amended complaint. In her original complaint, as amended, Mrs. Prior sought to hold Cancer Surgery vicariously liable for the medical care rendered to Prior by Dr. Davidson. In her second amended complaint, she seeks to hold Cancer Surgery vicariously liable for the medical care rendered to Prior by Dr. Walker. Because Dr. Walker provided medical care to Prior the weekend in August that Dr. Davidson was unavailable, the two doctors provided medical care to Prior at different times. Moreover, although Mrs. Prior asserts that Dr. Davidson and Dr. Walker engaged in allegedly negligent behavior that caused Prior's death, the allegedly negligent behavior of the two doctors was different. Mrs. Prior alleges that Dr. Davidson failed to perform a proper esophagojejunostomy. She also alleges that he
 "failed to properly test the adequacy of the espohageal [sic] anastomosis. He failed to promptly and properly diagnose leakage at the espohagojejunostomy [sic] and failed to promptly perform the necessary and indicated diagnostic testing to assess for perforation and/or leakage. He failed to promptly perform the necessary and indicated exploratory laparotomy. He failed to promptly and properly institute IV antibiotics. He abandoned the patient and failed to appreciate *Page 1096 
the patient's signs, symptoms and complaints. Defendant further ignored clinical symptoms of gastrointestinal leak[; and] caused a significant delay in treatment of the gastrointestinal leak."
However, the misconduct Mrs. Prior alleges Dr. Walker engaged in is different. She alleges that Dr. Walker
 "failed to appropriately supervise the resident/medical student on duty on August 22, 1999; failed to diagnose the anastamotic leak and/or failed to appreciate the danger posed by the leak on August 22, 1999; failed to order the appropriate diagnostic studies to determine the severity of the leak and failed to intervene such that surgery could be done on August 22, 1999."
The "resident/medical student" Dr. Walker allegedly failed to appropriately supervise had never previously been mentioned in the original complaint or in the first amended complaint. Nor had Mrs. Prior alleged a failure by Dr. Walker or Dr. Davidson to "order the appropriate diagnostic studies" or to "intervene such that surgery could be done on August 22, 1999."
This Court addressed an analogous situation in GeorgiaCasualty Surety Co. v. White, 582 So.2d 487
(Ala. 1991). In Georgia Casualty, White sued an insurance company alleging that it had fraudulently represented on August 29, 1984, that he was not entitled to stack claims. White later amended the complaint to further allege that the insurance company, in bad faith, had offered to settle the claim on June 22, 1984. Because the amended complaint addressed an incident "distinct in time" and "distinct in conduct alleged to be wrongful," 582 So.2d at 492, this Court held that the amended complaint did not relate back under Rule 15(c)(2). Similarly, Mrs. Prior's second amended complaint fails to relate back because it addresses different behavior that took place at a different time from the behavior alleged to be wrongful in the original complaint, as amended.
Mrs. Prior relies, in part, on Callens v. JeffersonCounty Nursing Home, 769 So.2d 273 (Ala. 2000), to establish that her second amended complaint relates back under Rule 15(c)(2), Ala. R. Civ. P. In Callens, the plaintiff's mother suffered severe injuries allegedly causing her subsequent death when a group of nursing-home employees was attempting to insert a Foley catheter. Callens originally sued the nursing home and others, alleging "wrongful death, civil conspiracy, breach of contract, and the tort of outrage."Callens, 769 So.2d at 278. In her amended complaint, Callens alleged "negligent hiring, training and supervision that . . . resulted in personal injury to [her mother]."Id. This Court held that Callens's amended complaint related back to her original complaint under Rule 15(c)(2), Ala. R. Civ. P. This Court noted that both the original and the amended complaints "arose out of events of December 11, 1995."769 So.2d at 278. The amended complaint related back to the original complaint because it "arose out of the same `conduct, transaction, or occurrence' as that alleged in the original complaint, that is, the December 11, 1995, injury to [Callens's mother]." 769 So.2d at 278. Both the claims in the original complaint and those in the amended complaint were based on a specific incident that occurred on a specific date. The claims and allegations in Mrs. Prior's second amended complaint, on the other hand, involve different conduct that took place at a different time, and by a different doctor, than that alleged in her earlier complaints.
Sonnier v. Talley, 806 So.2d 381 (Ala. 2001), cited by Mrs. Prior, likewise does *Page 1097 
not support her position. In Sonnier, Tammy Talley sued Flowers Hospital and Dr. Sonnier and Dr. van der Meer for performing an unnecessary hysterectomy. She alleged general negligence and malpractice "during the period June 1990 through October 1991" and failure to obtain informed consent and sought damages for an alleged loss of consortium. Sonnier,806 So.2d at 383. Talley then filed an amended complaint alleging that the same defendants "had made misrepresentations of fact related to the surgery, the cancer, and her health during the period from June 1991 through October 1991."Id. This Court held that Talley's amended complaint related back to her original complaint under Rule 15(c)(2), Ala. R. Civ. P. Even though the amended complaint alleged a new cause of action, it was limited to the same time period and the same parties. This Court held that the reason the amended complaint related back was that the amendment had "`ma[de] more specific what ha[d] already been alleged.'" Sonnier,806 So.2d at 386-87 (quoting National Distillers Chem. Corp. v.American Laubscher Corp., 338 So.2d 1269, 1273 (Ala. 1976)). Talley initially alleged that the doctors had been negligent over a specified time period. Her amended complaint alleged a closely related cause of action against the same defendants stemming from the same operative facts.
In the present case, Mrs. Prior seeks to amend her complaint to add new facts and to add the claim that Cancer Surgery is vicariously liable for the actions of a different doctor on a different day from those actions that formed the basis of the claims asserted in the original complaint and the first amended complaint. She is not entitled to add a separate claim of vicarious liability against Cancer Surgery for the acts of a new party by the expedient of an amendment to the complaint under Rule 15(c)(2).[2] We hold that the allegations in the second amended complaint do not relate back to the original complaint, as amended. See Rule 15(c)(2). Because we hold that the second amended complaint does not relate back,[3] we need *Page 1098 
not inquire whether Cancer Surgery would be prejudiced by allowing the amendment. Therefore, we affirm the trial court's dismissal of Mrs. Prior's second amended complaint.
AFFIRMED.
NABERS, C.J., and HARWOOD, STUART, and BOLIN, JJ., concur.
[1] Rule 15(c)(2), Ala. R. Civ. P., reads as follows:
 "(c) Relation back of amendments. An amendment of a pleading relates back to the date of the original pleading when
 ". . . .
 "(2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, except as may be otherwise provided in Rule 13(c) for counter-claims maturing or acquired after pleading. . . ."
[2] In the case before us, the witnesses who would likely have the most information about Dr. Walker's behavior are Dr. Walker himself and the medical student he allegedly failed to supervise. However, neither of these individuals was mentioned in Mrs. Prior's original complaint or her first amended complaint. This Court has previously denied a right to file an amended complaint in part because it would have changed the defendant's strategy at trial and required the defendant to "redepose plaintiff's witnesses and develop the testimony of his own witnesses" on a new issue. Horton v. Shelby Med.Ctr., 562 So.2d 127, 129 (Ala. 1989).
We also note that Mrs. Prior unduly delayed filing the second amended complaint. Although she was aware at least as early as September 2001 that Dr. Walker helped treat Prior, she did not file the second amended complaint alleging Dr. Walker's negligence until August 2002. "`[U]ndue delay in filing an amendment [to a complaint], when it could have been filed earlier based on the information available or discoverable, is in itself ground for denying an amendment.'" Rector v.Better Houses, Inc., 820 So.2d 75, 78 (Ala. 2001) (quotingPuckett, Taul Underwood, Inc. v. SchreiberCorp., 551 So.2d 979, 984 (Ala. 1989)). See also Taylorv. Stevenson, 820 So.2d 810, 814 (Ala. 2001) ("We will affirm a trial court if it is right for any reason supported by the record.").
[3] The failure to relate back is a sufficient basis for the denial of Mrs. Prior's second amendment. "`[A] finding of prejudice to the opposing party'" is "`dispositive when present'" and, in the absence of "`flagrant abuse, badfaith, or truly inordinate and unexplained delay,'" "`should bethe touchstone of the determination whether to permit theamendment.'" Johnston-Tombigbee, 937 So.2d at 1042 (quotingMcCollough v. Warfield, 523 So.2d 374, 375-76
(Ala. 1988)). "[T]he concept of prejudice to the defendant" is not the "possibility of exposure to additional liability as a result of new claims or legal theories for recovery added in the amendment," 937 So.2d at 1046; instead, it is "whether the original complaint provided the defendant with a sufficient factual basis from which he or she could reasonably anticipate the claims presented in the amendment."Johnston-Tombigbee, 937 So.2d at 1043. We do note, however, that the factual basis to which Mrs. Prior's original complaint, as amended, relates is the medical care rendered by Dr. Davidson to Prior, and no mention was made in that complaint of Dr. Walker or of his alleged negligent acts on August 22, 1999. In her second amended complaint, Mrs. Prior, for the first time, named Dr. Walker and made new factual allegations of wrongful conduct that allegedly occurred on August 22, 1999. These allegations prejudiced Cancer Surgery if it could not reasonably have anticipated the claims presented in the amendment.