BRYAN, Judge.
 

 The plaintiff, Stephanie Nettles, appeals a summary judgment in favor of the defendant, Arnold White. We affirm.
 

 On November 30, 2006, Nettles sued White, alleging that White had negligently or wantonly operated a vehicle on Atlanta Highway in the City of Montgomery on December 1, 2004, proximately causing his vehicle to collide with Nettles’s vehicle and injure her. Nettles’s complaint did not include any fictitiously named defendants. Answering, White denied the material allegations of Nettles’s complaint and asserted various affirmative defenses.
 

 On February 15, 2007, Nettles amended her complaint. The amended complaint replaced the claim alleged in Nettles’s original complaint with a claim alleging that White’s employee, Termaine Courtney Jackson, had negligently or wantonly operated White’s vehicle on Atlanta Highway on December 1, 2004, proximately causing White’s vehicle to collide with Nettles’s vehicle and injure her. In addition, the amended complaint added claims alleging that White was liable for Nettles’s injuries because he had negligently entrusted his vehicle to Jackson and because he had negligently hired, trained, and supervised Jackson.
 

 White moved for a summary judgment, asserting that the three claims alleged in Nettles’s amended complaint were barred by the applicable two-year statute of limitations because, he said, they did not relate back to the date Nettles filed her original complaint. In support of his summary-judgment motion, White submitted, among other things, a copy of the Alabama Uniform Traffic Accident Report regarding the December 1, 2004, collision. The accident report indicated that Jackson was driving White’s vehicle when the collision occurred.
 

 In opposition to White’s summary-judgment motion, Nettles argued that the claims alleged in her amended complaint did relate back to the date she filed her original complaint because, she said, the claims alleged in her amended complaint arose out of the same transaction or occurrence as the claim alleged in her original complaint.
 

 The trial court granted White’s summary-judgment motion without explaining its rationale. Nettles then filed a motion to vacate the summary judgment pursuant to Rule 59(e), Ala. R. Civ. P. After the trial court denied her Rule 59(e) motion, Nettles timely appealed to this court. Because this court lacked appellate jurisdiction, we transferred Nettles’s appeal to the supreme court. The supreme court then transferred Nettles’s appeal to this court pursuant to § 12-2-7(6), Ala.Code 1975.
 

 Nettles argues that the trial court erred in granting White’s summary-judgment motion because, she says, the claims alleged in her amended complaint relate back to the date she filed her original complaint because, she says, they arose out of the same transaction or occurrence as the claim alleged in her original complaint.
 

 In pertinent part, Rule 15(c), Ala. R. Civ. P., provides:
 

 “(c) Relation Back of Amendments. An amendment of a pleading relates back to the date of the original pleading when:
 

 [[Image here]]
 

 “(2) The claim or defense asserted in the amended pleading
 
 arose out of the
 
 conduct,
 
 transaction, or occurrence set
 
 
 *50
 

 forth or attempted to be set forth in the original pleading ...
 

 (Emphasis added.)
 

 In
 
 Callens v. Jefferson County Nursing Home,
 
 769 So.2d 273 (Ala.2000), the plaintiffs mother suffered serious injuries on December 11, 1995, when employees of a nursing home restrained her in order to insert a catheter. Subsequently, the plaintiffs mother died. On June 17, 1997, the plaintiff sued the nursing home and others, alleging “wrongful death, civil conspiracy, breach of contract, and the tort of outrage.”
 
 Callens,
 
 769 So.2d at 278. In an amended complaint filed on June 18, 1998, the plaintiff stated claims “alleging (1) personal injury to [the plaintiffs mother] pri- or to her death and (2) negligent hiring, training, and supervision on the part of [some of the defendants], which negligent acts she alleged caused personal injury to [the plaintiffs mother] prior to her death.” 769 So.2d at 276. The trial court dismissed the claims added by the plaintiffs amended complaint because, it concluded, those claims did not relate back to the date the original complaint was filed and, therefore, were barred by the applicable two-year statute of limitations. The Alabama Supreme Court reversed the trial court’s judgment, holding that the claims added by the amended complaint related back to the date the original complaint was filed because they “arose out of the same ‘conduct, transaction, or occurrence’ as that alleged in the original complaint,” i.e., the December 11, 1995, injury to the plaintiffs mother. 769 So.2d at 278.
 

 In the case now before us, the claims alleged in Nettles’s amended complaint arose out of the same transaction or occurrence as the claim alleged in Nettles’s original complaint, i.e., the December 1, 2004, motor-vehicle accident on Atlanta Highway in Montgomery that resulted in Nettles’s injuries. Therefore, the claims asserted in Nettles’s amended complaint related back to the date her original complaint was filed under Rule 15(c)(2).
 
 See Callens.
 

 White argues, however, that, even if the claims asserted in Nettles’s amended complaint relate back to the date her original complaint was filed and, therefore, are not barred by the statute of limitations, we should nonetheless affirm the summary judgment in White’s favor because, he says, there was an undue delay in Nettles’s filing her amended complaint. As the Alabama Supreme Court has noted, “ ‘[u]ndue delay in filing an amendment [to a complaint], when it could have been filed earlier based on the information available or discoverable, is in itself ground for denying an amendment.’ ”
 
 Rector v. Better Houses, Inc.,
 
 820 So.2d 75, 78 (Ala.2001) (quoting
 
 Puckett, Taul & Underwood, Inc. v. Schreiber Corp.,
 
 551 So.2d 979, 984 (Ala.1989)). In the case now before us, the Alabama Uniform Traffic Accident Report regarding the December 1, 2004, collision indicates that, within a few days of the December 1, 2004, collision, the information that Jackson was driving White’s vehicle when the collision occurred was available to Nettles. Despite the availability of this information within a few days of December 1, 2004, Nettles did not file her amended complaint until February 15, 2007. We conclude that this was an undue delay.
 
 See Prior v. Cancer Surgery of Mobile, P.C.,
 
 959 So.2d 1092, 1097 n. 2 (Ala.2006) (concluding in dicta that the filing of an amended complaint 11 months after the plaintiff had learned of the facts upon which she based the amended complaint constituted an undue delay).
 

 Although White did not assert undue delay in the filing of Nettles’s amended complaint as a ground in support of his summary-judgment motion,
 

 
 *51
 
 “this Court will affirm the trial court on any valid legal ground presented by the record, regardless of whether that ground was considered, or even if it was rejected by the trial court.
 
 Ex parte Ryals,
 
 773 So.2d 1011 (Ala.2000), citing
 
 Ex parte Wiginton,
 
 743 So.2d 1071 (Ala.1999), and
 
 Smith v. Equifax Servs., Inc.,
 
 537 So.2d 463 (Ala.1988). This rule fails in application only where due-process constraints require some notice at the trial level, which was omitted, of the basis that would otherwise support an affirmance, such as when a totally omitted affirmative defense might, if available for consideration, suffice to affirm a judgment,
 
 Ameriquest Mortgage Co. v. Bentley,
 
 851 So.2d 458 (Ala.2002), or where a summary-judgment movant has not asserted before the trial court a failure of the nonmovant’s evidence on an element of a claim or defense and therefore has not shifted the burden of producing substantial evidence in support of that element,
 
 Rector v. Better Houses, Inc.,
 
 820 So.2d 75, 80 (Ala.2001) (quoting Celotx
 
 Corp. v. Catrett,
 
 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), and
 
 Kennedy v. Western Sizzlin Corp.,
 
 857 So.2d 71 (Ala.2003)).”
 

 Liberty Nat’l Life Ins. Co. v. University of Alabama Health Servs. Found. P.C.,
 
 881 So.2d 1013, 1020 (Ala.2003). Thus, in order to determine whether Nettles’s undue delay in filing her amended complaint is a proper basis for affirming the summary judgment in favor of White, we must determine whether a plaintiffs undue delay in filing an amended complaint falls within one of the exceptions to the rule that an appellate court may affirm a trial court’s judgment based on a ground that was not raised before the trial court.
 

 It can be inferred from dicta in
 
 Prior v. Cancer Surgery of Mobile, P.C.,
 
 supra, that such undue delay does not fall within one of those exceptions. In
 
 Prior v. Cancer Surgery of Mobile, P.C.,
 
 the plaintiff filed a second amended complaint, and the defendant moved for a summary judgment on the ground that the claims asserted in the second amended complaint were time-barred because they did not relate back to the date of the filing of the original complaint. The trial court granted the defendant’s summary-judgment motion, and the plaintiff appealed to the supreme court. The supreme court affirmed, concluding that the claims asserted in the second amended complaint were time-barred because they did not relate back. However, in a footnote, the supreme court indicated that it could have affirmed the trial court’s judgment on the ground that there had been an undue delay in the filing of the second amended complaint:
 

 “We also note that Mrs. Prior unduly delayed filing the second amended complaint. Although she was aware at least as early as September 2001 that Dr. Walker helped treat Prior, she did not file the second amended complaint alleging Dr. Walker’s negligence until August 2002. ‘ “[Ujndue delay in filing an amendment [to a complaint], when it could have been filed earlier based on the information available or discoverable, is in itself ground for denying an amendment.” ’
 
 Rector v. Better Houses, Inc.,
 
 820 So.2d 75, 78 (Ala.2001) (quoting
 
 Puckett, Taul & Underwood, Inc. v. Schreiber Corp.,
 
 551 So.2d 979, 984 (Ala.1989)). See also
 
 Taylor v. Stevenson,
 
 820 So.2d 810, 814 (Ala.2001)
 
 (‘We will affirm a trial court if it is right for any reason supported by the record.’).”
 

 959 So.2d at 1097 n. 2 (emphasis added).
 

 It can be inferred from the supreme court’s omission of any mention of the defendant’s having asserted undue delay as a ground in support of its summary-judgment motion and from the supreme court’s citing the rule that it will affirm a
 
 *52
 
 trial court’s judgment if it is right for any reason that the defendant in
 
 Prior
 
 had not raised undue delay in the filing of the second amended complaint as a ground in support of its summary-judgment motion. Furthermore, it can be inferred from the supreme court’s indicating that it could have affirmed the summary judgment on the ground of that undue delay that that ground does not fall within one of the exceptions to the rule that an appellate court “will affirm the trial court on any valid legal ground presented by the record, regardless of whether that ground was considered, or even if it was rejected by the trial court.”
 
 Liberty Nat’l Life Ins. Co. v. University of Alabama Health Servs. Found. P.C.,
 
 881 So.2d at 1020. Accordingly, we affirm the summary judgment in favor of White on the ground that there was an undue delay in Nettles’s filing her amended complaint even though White did not raise that ground in the trial court.
 

 AFFIRMED.
 

 PITTMAN, J., concurs.
 

 THOMPSON, P.J., and THOMAS and MOORE, JJ., concur in the result, without writings.