MURDOCK, Justice
(dissenting).
I respectfully dissent from quashing the writ of certiorari. The petition before us purported to provide two grounds for cer-tiorari review. This Court initially granted review as to the second of those grounds, but today quashes that writ. I write separately to explain my reasons for dissenting from quashing the writ as to “ground two,” and in so doing I take this opportunity to explain briefly my reason for having concurred in the denial of cer-tiorari review as to “ground one.”

Ground One

Under § 6-5-300, Ala.Code 1975, it does not appear to me that an amendment to *53 the complaint was even necessary for Stephanie Nettles, the petitioner, to assert her respondeat superior claim. Section 6-5-300 expressly allows a plaintiff to allege negligent performance by the employer and support that allegation at trial with proof of negligence by an employee. Therefore, I do not agree with the premise of much of the opinion by the Court of Civil Appeals — that a timely amendment to the complaint was necessary in order for Nettles to go to trial on a respondeat superior theory. I believe this was the essence of Nettles’s assertions in ground one of her petition for a writ of certiorari to this Court.
Nonetheless, I concurred to deny review as to ground one. The petition did not state an issue of first impression as to the proper interpretation or application of § 6-5-300. Neither did the petition state a conflict between the Court of Civil Appeals’ opinion, with an appropriate quotation from that opinion, and any prior opinion of that court or this Court applying § 6-5-300. See generally Rule 39(a)(1)(C) and (D), Ala. RApp. P.

Ground Two

The ground upon which this Court granted certiorari review, a decision with which I agreed, was a possible conflict between the decision by the Court of Civil Appeals in this case and this Court’s decision in Ex parte Bowman, 986 So.2d 1152 (Ala.2007). See Rule 39(a)(1)(D), Ala. RApp. P. I dissent from the Court’s decision today to quash the writ.
In her petition to this Court, Nettles quotes the following passage from the opinion of the Court of Civil Appeals:
“As the Alabama Supreme Court has noted, ‘ “[u]ndue delay in filing an amendment [to a complaint], when it could have been filed earlier based on the information available or discoverable, is in itself ground for denying an amendment.” ’ Rector v. Better Houses, Inc., 820 So.2d 75, 78 (Ala.2001) (quoting Puckett, Taul & Underwood, Inc. v. Schreiber Corp., 551 So.2d 979, 984 (Ala.1989)). In the case now before us, the Alabama Uniform Traffic Accident Report regarding the December 1, 2004, collision indicates that, within a few days of the December 1, 2004, collision, the information that Jackson was driving White’s vehicle when the collision occurred was available to Nettles. Despite the availability of this information within a few days of December 1, 2004, Nettles did not file her amended complaint until February 15, 2007. We conclude that this was an undue delay. See Prior v. Cancer Surgery of Mobile, P.C., 959 So.2d 1092, 1097 n. 2 (Ala.2006) (concluding in dicta that the filing of an amended complaint 11 months after the plaintiff had learned of the facts upon which she based the amended complaint constituted an undue delay).”
Nettles v. White, 36 So.3d 48, 50 (Ala.Civ.App.2008). Nettles argues that a showing of prejudice is necessary and that none was made in the present case. She quotes the following passage from this Court’s decision in Ex parte Bowman, supra, as conflicting -with the decision of the Court of Civil Appeals:
“We now turn to whether the 11-month delay between the time the Heards learned that Bowman was involved in purchasing the APV tank and the time the Heards amended their complaint to substitute Bowman is a basis for mandamus relief. This Court has recognized that delay in amending a complaint to substitute a named party for a fictitiously named party once information is available can defeat the availability of the doctrine of relation back. See Denney v. Serio, 446 So.2d 7, 11 *54 (Ala.1984) (‘Although this Court has refused to apply the relation-back principle to inordinate delays from the time of knowledge of the fictitious party’s true identity until actual substitution of the fictitious party’s true name—see Walden v. Mineral Equipment Co., 406 So.2d 385 (Ala.1981) (three-year delay too long); Shirley v. Getty Oil Co., 367 So.2d 1388 (Ala.1979) (17-month delay too long) — Dr. Serio proffered no evidence establishing that Denney’s dilatory substitution in fact prejudiced him. See generally Ex parte Tidmore, 418 So.2d 866 (Ala.1982) (two-year delay in substituting proper defendant too long where party sought to be added would be prejudiced thereby).’ (emphasis added)).
“Bowman did not assert in his motion to dismiss filed in the trial court prejudice as justification for not allowing the amended complaint to relate back to the filing of the original complaint. Before this Court, Bowman simply argues that if a showing of prejudice is necessary, that showing has been met. Bowman has failed to show that he is entitled to mandamus relief on the ground of delay in substituting him for a fictitiously named defendant.”
986 So.2d at 1157-58.
In the present case, the filing of the original complaint was timely. I do not see the 77 days between the time of the filing of that complaint and the filing of the amendment as an undue delay. In any event, I believe there is a conflict between Bowman and the decision of the Court of Civil Appeals in relation to the requirement of a showing of prejudice. Further, given the fact that Arnold White did not assert undue delay in the filing of the amended complaint as a ground in support of the summary-judgment motion, I do not believe that the Court of Civil Appeals could properly base its decision on that ground. It is not an alternative, valid “legal ground,” but rather one that entails a mixed question of law and fact and one that requires the exercise of discretion on the part of the trial court. Furthermore, it is a ground that could not be reached in this case by an appellate court without implicating the due-process constraints referenced in Liberty National Life Insurance Co. v. University of Alabama Health Services Foundation, P.C., 881 So.2d 1013, 1020 (Ala.2003).
COBB, C.J., concurs.