ROBERTSON, Presiding Judge.
This is an appeal from a summary judgment entered in favor of Roy Fleming in an eviction action.
This case was previously before this court on an appeal from a prior summary judgment entered by the trial court on April 8, 1993. The facts, as set out in that earlier appeal, McLemore v. Fleming, 632 So.2d 482 (Ala.Civ.App.1994) (hereinafter “McLemore I”), are as follows:
“The record reflects that the parties to this action are family members who have been in a litigious battle since their father and mother died, leaving substantial real estate holdings. One of those properties, on which Nadine McLemore has resided for approximately thirty years, is the subject of this eviction action.
“After Roy Fleming filed his affidavit in support of his motion for summary judgment, McLemore responded with an affidavit, which put certain material facts in dispute. The trial court entered a judgment for Fleming, and after MeLemore’s post-judgment motion was denied, she appealed.”
McLemore, 632 So.2d at 483.
Based on the record at that time, this court found that a genuine issue of material fact existed as to the ownership of the property that was the subject of the eviction action. We reversed the summary judgment in McLemore I and remanded the cause for further proceedings.
Upon remand to the trial court, Fleming filed a second motion for summary judgment. This subsequent motion and affidavit were supported by exhibits that included: the clerk’s record in Lauderdale County Circuit Court case number CV-91-64 (which included the deposition of Nadine McLemore); the last will and testament of O.J. Fleming; the order admitting O.J. Fleming’s last will and testament to probate; a copy of the last will and testament of Virgie Fleming; a copy of the check from Roy Fleming to Virgie Fleming for the purchase of the property in dispute; a copy of the deed from Virgie Fleming to Roy Fleming; the affidavit of James T. Stevenson, a title expert; and a copy of our Supreme Court’s opinion in Lauderdale County Circuit Court case number CV-91-64, McLemore v. Fleming, 604 So.2d 353 (Ala.1992). These exhibits were not before the trial court or this court in McLemore I.
On June 9, 1994, the trial court entered a summary judgment in favor of Fleming. McLemore then moved for a new trial, or in the alternative, to set aside the summary judgment and to reinstate the cause on the jury docket for a trial. The trial court denied MeLemore’s motion; hence this appeal.
The issues raised by McLemore on appeal are: (1) whether the trial court was prohibited from entering the summary judgment, under the doctrine of res judicata; and (2) whether a genuine issue of material fact exists as to the ownership of the property in dispute.
We first address whether the granting of Fleming’s subsequent motion for summary judgment was barred by the doctrine of res judicata. McLemore argued that because the summary judgment in McLe-more I had been reversed and the cause remanded for further proceedings, the June 9, 1994, summary judgment was prohibited. There are four essential elements of res judi-cata: (1) a prior judgment on the merits; (2) rendered by a court of competent jurisdiction; (3) with substantially the same identity of the parties; and (4) with the same cause of action presented in both cases. Smith v. Scott Paper Co., 620 So.2d 976 (Ala.1993).
*625 The entry of the June 9, 1994, summary judgment was not barred by res judica-ta, because there had not been a final judgment on the merits. In McLemore I, Fleming’s motion for summary judgment was granted by the trial court; however, that summary judgment was reversed and the cause was remanded by this court for further proceedings. The reversal of that summary judgment was not a final judgment on the merits, but merely a determination that further proceedings were necessary. When one element of res judicata is not present, the doctrine of res judicata does not apply. Dairyland Ins. Co. v. Jackson, 566 So.2d 723 (Ala.1990). Discussion of the remaining elements of res judicata is unnecessary. The June 9, 1994, summary judgment was not barred by the doctrine of res judicata. Id.
We next address whether a genuine issue of material fact exists as to the ownership of the property in dispute. The record in Lauderdale County Circuit Court case number CV-91-64 (hereinafter “Fleming I”) was attached as an exhibit to his motion. The record in Fleming I revealed that that case, which had been filed by McLemore in the probate court against Fleming as the executor of the estate of O.J. Fleming, and against Fleming, individually, involved a claim for the property on which McLemore resided. Fleming I was removed to the circuit court for trial, and the circuit judge entered a summary judgment in favor of Fleming, as the executor of the estate of O.J. Fleming. McLemore filed a motion to have the summary judgment set aside, which was denied. McLemore then appealed to the Alabama Supreme Court; that court affirmed the summary judgment. See McLemore v. Fleming, 604 So.2d 353 (Ala.1992). Subsequently, the circuit court judge dismissed the claims against Fleming, individually, and McLemore did not appeal.
An affidavit of James T. Stevenson was also attached as an exhibit to Fleming’s subsequent motion for summary judgment. In his affidavit, Stevenson stated that he had more than 20 years’ experience in reviewing title documents and that he was an authorized agent for Old Republic Title Insurance Company and Mississippi Valley Title Insurance Company. Stevenson also stated that he had conducted a title search of the property in dispute, and that, in his professional judgment, fee simple title to the property rested with Fleming.
An appellate court reviewing a summary judgment employs the same standard utilized by the trial court. Southern Guaranty Ins. Co. v. First Alabama Bank, 540 So.2d 732 (Ala.1989). A summary judgment is proper when “the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” Rule 56(e)(3), Ala.R.Civ.P. Like the trial court, the appellate court views the evidence and resolves all reasonable doubts in favor of the nonmovant. Specialty Container Mfg., Inc. v. Rusken Packaging, Inc., 572 So.2d 403 (Ala.1990). The burden is on the movant to show that there exists no genuine issue of material fact; however, once a party moving for a summary judgment establishes a prima facie showing that no genuine issue of material fact exists, then the burden shifts to the nonmovant to rebut the prima facie showing. McClendon v. Mountain Top Indoor Flea Market, Inc., 601 So.2d 957 (Ala.1992).
Fleming made a prima facie showing that no genuine issue of material fact existed. In response, McLemore’s attorney filed an affidavit and attached as an exhibit a copy of this court’s opinion in McLemore I. In the affidavit, McLemore’s attorney stated:
“I have been representing the Defendant for several years in this case, and in other related companion cases involving the issues of fact and law involved in the summary judgment and related documents filed by [Roy Fleming’s] attorney_ I categorically state that I am knowledgeable of the facts in this case as reflected in the pleadings, affidavits filed with the pleadings, the other companion cases as filed in the Circuit Court and pending in the Circuit Court at this time between the parties to this cause of action, the appeals and briefs and arguments in the appeals which have been taken in at least two instances involving the same basic issues *626 and facts which are being raised in the summary judgment; and based on my knowledge of these matters, as aforesaid, there are material facts and controversies in this case for trial before a jury which [McLemore] is entitled to have presented to the jury, for jury determination based on all of the evidence and facts presented to them in the case.”
This response was a general statement and was not sufficient to rebut the prima facie showing by Fleming’s affidavit and exhibits that no genuine issue of material fact existed. Also, the copy of this court’s opinion in McLemore I was insufficient because that opinion addressed the prior summary judgment proceeding, which did not include the aforesaid affidavits and exhibits.
The trial court properly entered the summary judgment in this proceeding; consequently, the judgment of the trial court is due to be affirmed.
AFFIRMED.
THIGPEN and YATES, JJ., concur.