The plaintiff Bert S. Rector appeals from a summary judgment entered in favor of the defendant Better Houses, Inc., on a claim alleging that the defendant had negligently constructed her house above a storm drain. The appeal presents two issues: (1) Did the trial court abuse its discretion in striking Rector's amended complaint, which was filed within 30 days of the original trial date and which attempted to state new claims? and (2) was the summary judgment on the negligence claim appropriate? We hold that, while the trial court did not abuse its discretion in striking the amended complaint, the summary judgment was improper. Consequently, we reverse and remand.
 I. Facts and Procedural History
On September 29, 1978, Bert Rector purchased a newly constructed home on a lot located at 1107 Peabody Drive in Mobile. Before she purchased it, Coastal Land Development Company, Inc., and its successors, including the City of Mobile ("the City") and the Board of Water and Sewer Commissioners of the City of Mobile ("the Sewer Board"), had acquired a *Page 77 
30-foot drainage and utility easement running through what is now Rector's backyard and through a portion of the land where her house sits. This easement, pursuant to which a storm drain had been built, was clearly depicted in a survey conducted on September 5, 1978 — 24 days before Rector purchased the property — and that easement was documented in the recorded warranty deed.
In December 1997, a storm drain that ran beneath Rector's property collapsed; the collapse caused a sinkhole approximately three to four feet wide and three to four feet deep. The sinkhole worsened in September 1998 after Hurricane Georges dumped several inches of rain on the Mobile area in a short time; Rector's entire yard was washed away. Rector claims that the sinkhole caused a rupture in the sewer system and that the rupture caused raw sewage to spill onto her property. Although the City repaired the drain in February 1999, Rector alleges that sinkholes remain in her yard.
On April 30, 1999, Rector sued several defendants,[1] including Better Houses; she alleged that that defendant was negligent for failing to use reasonable care while preparing her lot and designing and constructing her house. Better Houses answered the complaint, but it did not plead a defense based on the 20-year rule of repose or prescription.[2]
On December 13, 1999, Rector filed an amended complaint stating additional claims against Better Houses, including fraud and suppression. Better Houses moved to strike the additional claims, citing Rule 15(a), Ala.R.Civ.P. The trial court subsequently struck Rector's amended complaint. Better Houses then moved for a summary judgment on Rector's negligence claim. Better Houses argued that Rector's claim was barred by the rule of repose and that Better Houses was therefore entitled to a judgment as a matter of law. The record indicates that Rector did not object to Better Houses' assertion of this defense, even though it had not been pleaded as an affirmative defense pursuant to Rule 8(c), Ala.R.Civ.P. The trial court entered a summary judgment in favor of Better Houses, based on two grounds: (1) the rule of repose and (2) its conclusion that Rector had not presented substantial evidence as to each element of her negligence claim. Rector appealed.
 II. The Amended Complaint
Rector filed her amended complaint on December 13, 1999, more than 7 months after she had filed her original complaint and within 30 days of the original January 2000 trial date. The trial court concluded that Rector's new allegations of fraud and suppression "[were] based upon information that was known or should have been known to [Rector] at the time she filed the original complaint." The court then cited "undue delay" as its reason for striking the amended complaint.
We conclude that in striking Rector's amended complaint the trial court did not abuse its discretion. Rule 15(a), Ala.R.Civ.P., governs amendments to pleadings. It provides, in pertinent part: *Page 78 
 "Unless a court has ordered otherwise, a party may amend a pleading without leave of court, but subject to disallowance on the court's own motion or a motion to strike of an adverse party, at any time more than forty-two (42) days before the first setting of the case for trial, and such amendment shall be freely allowed when justice so requires. Thereafter, a party may amend a pleading only by leave of court, and leave shall be given only upon a showing of good cause."
(Emphasis added.) In Boros v. Baxley, 621 So.2d 240 (Ala. 1993), we explained:
 "Although Rule 15(a) itself calls for liberal amendment, this Court has held consistently that `the grant or denial of leave to amend is a matter that is within the discretion of the trial court and is subject to reversal on appeal only for an abuse of discretion.'"
621 So.2d at 245 (citations omitted). Thus, "Rule 15, [ Ala.R.Civ.P.], is not carte blanche authority to amend a complaint at any time." Stallingsv. Angelica Uniform Co., 388 So.2d 942, 947 (Ala. 1980) (quoting Steadv. Blue Cross-Blue Shield of Alabama, 294 Ala. 3, 6, 310 So.2d 469, 471
(1975)). "[U]ndue delay in filing an amendment, when it could have been filed earlier based on the information available or discoverable, is in itself ground for denying an amendment." Puckett, Taul Underwood, Inc.v. Schreiber Corp., 551 So.2d 979, 984 (Ala. 1989). "[I]f the court determines . . . that a party has had sufficient opportunity to state a claim . . . but has failed to do so, leave to amend may properly be denied." Walker v. Traughber, 351 So.2d 917, 922 (Ala.Civ.App. 1977).
Rector's only argument on this issue is that the trial court abused its discretion because, she says, amendments to pleadings should be liberally allowed. She offers no information refuting the trial court's conclusion that the new allegations were based on facts she had known since the date she had commenced the action. Based on the record before us, we cannot conclude that the trial court abused its discretion by striking Rector's amended complaint.
 III. The Summary Judgment
Rector contends (1) that the rule of repose — part of the basis for the summary judgment — is inapplicable to this case and (2) that Better Houses did not carry its initial burden in moving for a summary judgment.
 A.
Better Houses principally argued in its summary-judgment motion that Rector's negligence claim was barred by Alabama's common-law rule of repose, which is an affirmative defense, see Harkins Co. v. Lewis,535 So.2d 104, 117 (Ala. 1988) (grouping the rule of repose with other affirmative defenses). Although Better Houses failed to plead the rule of repose as an affirmative defense, Rector did not object to Better Houses' argument regarding the rule of repose and, in fact, addressed the defense substantively. The trial court subsequently held that the rule of repose operated to bar Rector's negligence claim.
In Wallace v. Alabama Association of Classified School Employees,463 So.2d 135 (Ala. 1984), this Court stated the following with respect to unpleaded affirmative defenses:
 "Once an answer is filed, if an affirmative defense is not pleaded, it is waived. Robinson v. Morse, 352 So.2d 1355, 1357 (Ala. 1977). The defense may be revived if the adverse party offers no objection (Bechtel v. Crown Petroleum Corp., 451 So.2d 793, 796
(Ala. 1984)). . . ."
463 So.2d at 136. Better Houses argues that its rule-of-repose defense was a proper ground for a summary judgment because *Page 79 
Rector did not present a procedural argument against its use of that defense; Better Houses contends that Rector's failure to present such a procedural argument worked as a waiver of an objection to Better Houses' use of the defense. Better Houses' basis for this argument is its assertion that, because the rule-of-repose question was presented in its summary-judgment motion, without objection by Rector, the pleadings were deemed to have been amended to conform to the evidence presented during a hearing, pursuant to Rule 15(b), Ala.R.Civ.P.
We disagree. Rule 15(b), Ala.R.Civ.P., states, in pertinent part:
 "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. . . . If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice the party in maintaining the party's action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence."
(Emphasis added.) The summary-judgment context is different from the situation where an unpleaded defense has been tried on the merits without objection, because, at the summary-judgment stage of litigation, there has been no trial before a fact-finder. A summary-judgment motion simply tests the merits of a case. See Champ Lyons, Jr., Alabama Rules of CivilProcedure Annotated, § 56.2 (3d ed. 1996). If a court finds those merits lacking, then it properly adjudicates it. While such an adjudication under this scenario is an adjudication on the merits, the adjudication is not the product of a trial on the merits. Thus, where there is no trial, Rule 15(b) cannot apply. See Blue Cross Blue Shieldof Alabama v. Weitz, 913 F.2d 1544, 1549 (11th Cir. 1990) (stating, in dictum, that Rule 15(b), Fed.R.Civ.P., the relevant portion of which is identical to Alabama's Rule 15(b), is inapplicable at the summary-judgment stage because that stage does not involve a trial). For this reason, an affirmative defense the defendant has waived cannot be revived by the fact that it is raised and litigated in a summary-judgment proceeding. Wallace, 463 So.2d at 137 (quoting Funding Sys. Leasing Corp.v. Pugh, 530 F.2d 91, 96 (5th Cir. 1976)). We therefore conclude that the trial court erred to the extent that it based its summary judgment on Better Houses' unpleaded rule-of-repose defense.
 B.
The trial court alternatively based its summary judgment on its conclusion that Rector had failed to present substantial evidence in support of her negligence claim. We conclude that the trial court erred with respect to this ruling as well.
We have clearly stated the standard by which we review a summary judgment:
 "`In reviewing the disposition of a motion for summary judgment, we utilize the same standard as that of the trial court in determining whether the evidence before the court made out a genuine issue of material fact' and whether the movant was entitled to a judgment as a matter of law. Bussey v. John Deere Co., 531 So.2d 860, 862 (Ala. 1988); Rule 56(c), Ala.R.Civ.P. When the movant makes a prima facie showing that there is no genuine issue of material fact, the burden then shifts to the nonmovant to present substantial evidence creating such an issue. Bass v. *Page 80 
 SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala. 1989). Evidence is `substantial' if it is of `such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.' West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala. 1989)."
Ex parte General Motors Corp., 769 So.2d 903, 906 (Ala. 1999). When the basis of a summary-judgment motion is a failure of the nonmovant's evidence, the movant's burden, however, is limited to informing the court of the basis of its motion — that is, the moving party must indicate where the nonmoving party's case suffers an evidentiary failure. See General Motors, 769 So.2d at 909 (adopting Justice Houston's special concurrence in Berner v. Caldwell, 543 So.2d 686, 691 (Ala. 1989), in which he discussed the burden shift attendant to summary-judgment motions); and Celotex Corp. v. Catrett, 477 U.S. 317,323 (1986) (stating that "a party seeking summary judgment always bears the initial responsibility of informing the [trial] court of the basis of its motion"). The moving party must support its motion with sufficient evidence only if that party has the burden of proof at trial. GeneralMotors, 769 So.2d at 909.
In its motion for summary judgment, Better Houses stated only two bases for a summary judgment. The first basis involved the assertion of an unpleaded affirmative defense — the rule of repose, discussed above. The second basis involved an argument that Rector had had either actual or constructive notice of the existence of an easement, an argument unrelated to the substance of Rector's negligence claim.[3]
Thus, Better Houses did not direct any argument to a relevant failure of evidence. Furthermore, Better Houses did not set forth any pertinent facts in its motion; instead, it merely said that a survey conducted before Rector purchased the property showed the existence and location of the easement. Consequently, we cannot say that Better Houses satisfied its initial burden under Rule 56(c), Ala.R.Civ.P., which was to indicate to the trial court the basis for its summary-judgment motion. Seegenerally Champ Lyons, Jr., Alabama Rules of Civil Procedure Annotated, § 56.5 (3d ed. 1996) (discussing the moving party's obligation to establish the absence of any genuine issue of material fact). Therefore, the burden never shifted to Rector, and she was not required to present evidence supporting the merits of her claim.
 IV. Conclusion
The summary judgment is reversed, and the case is remanded for further proceedings. The appellee has filed a motion to strike a portion of the appellant's brief; that motion is denied.
REVERSED AND REMANDED; MOTION TO STRIKE PORTION OF APPELLANT'S BRIEF DENIED.
Moore, C.J., and Houston, See, Woodall, and Stuart, JJ., concur.
Johnstone, J., concurs in part and concurs in the result in part.
Harwood, J., concurs in the result.
[1] Rector also sued the City and the Sewer Board, alleging negligence and breach of contract. These claims were dismissed without prejudice, pursuant to a stipulation of the parties, leaving Better Houses as the only defendant.
[2] Since this Court decided McArthur v. Carrie's Administrator,32 Ala. 75 (1858), Alabama has followed a rule of repose, or rule of prescription, of 20 years. This principle of repose is similar to a statute of limitations, but is not dependent upon a statute and is broader in scope than a statute of limitations. See Boshell v. Keith,418 So.2d 89 (Ala. 1982).
[3] This argument appears to be directed toward an argument intermittently made to the trial court and made here on appeal by Rector, that Better Houses did not properly notify her of the existence of the easement when she purchased the property. Because this argument is, in substance, directed toward the tort of fraud, which was not alleged in Rector's original complaint, we do not believe this portion of Better Houses' summary-judgment motion to be relevant to the issue of negligence.