Section 6-5-572(1), Ala. Code 1975, defines a legal-services-liability action as one based, in whole or in part, on a violation by a legal-service provider of the standard of care applicable to a legal-service provider. It then goes on to state:
 "A legal service liability action embraces all claims for injuries or damages or wrongful death whether in contract or in tort and whether based on an intentional or unintentional act or omission. A legal services liability action embraces any form of action in which a litigant may seek legal redress for a wrong or an injury and every legal theory of recovery, whether common law or statutory, available to a litigant in a court in the State of Alabama now or in the future."
As both the main opinion and Judge Bryan's special writing point out, if there is to be a claim under the Alabama Legal Services Liability Act, §§ 6-5-570 et seq., Ala. Code 1975, there must be an attorney-client relationship. That this is a correct statement of law, however, does not foreclose the possibility of a contract in which "party A" contracts with "party B," an attorney, to provide legal services to "party C." "Party C" would simply be the third-party beneficiary of the contract entered into directly between "party A" and the attorney.[6] *Page 423 
The fact that under such an arrangement there would be an attorney-client relationship between the attorney and "party C," would not change the fact that "party A" may have an action in contract against the attorney if the attorney breaches his promise to "party A" to provide legal services to "party C." Likewise, the fact that there would be an attorney-client relationship between the attorney and "party C" would not prevent "party A" from bringing an action in tort against the attorney in the event the attorney fraudulently induced "party A" to enter into the above-described contract or to pay the attorney a sum of money thereunder.
Unless the trial court abused its discretion in not permitting Bryant to withdraw or amend the admissions that resulted from his not responding timely to the Robledos' request for admissions (which Bryant has not argued), Bryant's admissions are conclusively binding on him. Rule 36(b), Ala. R. Civ. P., specifically says that "[a]ny matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission." Among the matters therefore "conclusively established" in the present case are facts that establish the Robledos' fraud claim against Bryant. It is for this reason that I concur in the result reached by the main opinion.
BRYAN, Judge, concurring in the result in part and dissenting in part.
Insofar as the main opinion reverses the summary judgment in favor of the plaintiffs, I concur in the result. Insofar as the main opinion affirms the summary judgment in favor of the plaintiffs on their fraud claim, I must respectfully dissent. In my opinion, the absence of evidence of an attorney-client relationship between the plaintiffs and the defendant James Bryant was fatal to the plaintiffs' fraud claim aspleaded by the plaintiffs. See §§6-5-573, Ala. Code 1975; Sessions v. Espy,854 So.2d 515, 522 (Ala. 2002) (recognizing that claims that are alleged to have arisen out of an attorney-client relationship are all subsumed under the Alabama Legal Service Liability Act ("the ALSLA," §§ 6-5-570 et seq., Ala. Code 1975)); andBrackin v. Trimmier Law Firm, 897 So.2d 207, 229
(Ala. 2004) (holding that "[a]n attorney-client relationship is an essential element of a claim under the [ALSLA]. . . .").
Although the plaintiffs argued in support of their motion for a summary judgment that James Bryant fraudulently induced them to agree to pay for legal services for Mr. Nave, they had not pleaded such a claim. Given the requirement of Rule 9(b), Ala. R. Civ. P., that circumstances constituting the alleged fraud must be pleaded with particularity, the trial court erred in entering a summary judgment in favor of the plaintiffs on an unpleaded fraud claim. See Rector v. Better Houses, Inc.,820 So.2d 75, 78-79 (Ala. 2001) (holding that trial court erred in entering a summary judgment in favor of defendant on the basis of an unpleaded affirmative defense even though the plaintiff had not objected to the assertion of the unpleaded affirmative defense in the trial court).
[6] The main opinion notes that the Robledos have not argued that they were third-party beneficiaries ofa contract between Nave and James Bryant. The opinion also cites Robinson v. Benton, 842 So.2d 631, 636-37
(Ala. 2002), a case which discusses the general rule that Alabama law does not allow an action for legal malpractice against a lawyer by someone claiming to be a third-party beneficiary of the attorney-client relationship between that lawyer and another person. As the main opinion also implicitly recognizes, however, the claims asserted by the Robledos in this case would appear to be dependent upon their direct interaction with Bryant (which, among other things, the Robledos at one point contend led to a contract directly between them and Bryant to which Nave was a third-party beneficiary), not the Robledos' assertion of a status as third-party beneficiaries of a contract between Bryant and Nave. *Page 424