963 So.2d 99 (2007)
W.C.R.
v.
D.A.L. and D.L.
2050782.
Court of Civil Appeals of Alabama.
February 9, 2007.
*100 Glenn Carlyle Noe, Sulligent, for appellant.
James K. Davis of Fite, Davis, Atkinson, Guyton & Burt, P.C., Hamilton, for appellees.
THOMAS, Judge.
D.A.L. and D.L. are the adoptive parents of W.T.R. ("the child"), who they adopted in March 2001. The child's biological father, W.C.R., had continued to maintain a relationship with the child since the adoption, visiting the child regularly until early 2006, when the adoptive parents refused him visitation because he had instituted this action seeking to have the child declared dependent and seeking an award of custody or visitation with the child.
The biological father's petition alleged, among other things, that the child was not being adequately supervised by the adoptive parents. He specifically alleged that the child had access to firearms and gasoline and had burned down a field while unsupervised and that the child was allowed to ride a four-wheeled all-terrain vehicle ("ATV") and a dirt bike without a helmet.
The adoptive parents filed a motion for a summary judgment on the basis that the biological father lacked standing to bring his action. The adoptive parents filed their own affidavit; an affidavit from Annette Webb Haney, the probate judge who had presided over the biological father's petition to set aside the adoption; and excerpts of their own depositions. In addition, the adoptive parents amended their summary-judgment motion to assert that the biological father was the only person to ever make allegations that the child was dependent.
The juvenile court held a hearing at which the adoptive father testified. The adoptive father's testimony was, in large part, aimed at refuting the dependency allegations made by the biological father. The biological father objected to this testimony, *101 arguing that the only issue raised in the summary-judgment motion was the issue of his standing. The juvenile court overruled the biological father's objection and permitted the testimony. The adoptive father did testify to a few facts that were aimed at establishing that the biological father lacked standing: that the adoptive parents had adopted the child and that the biological father was the only person to have ever made any dependency allegations. The adoptive parents' joint affidavit stated that the child had been adopted by them, that the biological father had consented to the adoption, that the biological father was given no visitation rights in the adoption judgment, that the adoptive parents had allowed the biological father to visit the child, that the biological father had filed legal proceedings against the adoptive parents on two occasions, and that the adoptive parents no longer wished to allow the biological father to visit with the child. The affidavit from Judge Haney also stated that the biological father had no visitation rights with the child by virtue of the adoption judgment.
The juvenile court entered a summary judgment in favor of the adoptive parents. The biological father appeals, arguing that the juvenile court erred by entering a summary judgment on the issue of standing, which he argues was the only issue before the juvenile court. The adoptive parents argue, however, that the juvenile court could have entered the summary judgment in their favor on another ground; specifically, they appear to argue that their assertion that the biological father was the only person to ever raise any dependency allegation and what they perceive as the juvenile court's decision that the evidence at the summary-judgment hearing satisfied it that the child was not dependent are sufficient bases upon which to affirm the summary judgment.
We review a summary judgment de novo; we apply the same standard as was applied in the trial court. A motion for a summary judgment is to be granted when no genuine issue of material fact exists and the moving party is entitled to a judgment as a matter of law. Rule 56(c)(3), Ala. R. Civ. P. A party moving for a summary judgment must make a prima facie showing "that there is no genuine issue as to any material fact and that [it] is entitled to a judgment as a matter of law." Rule 56(c)(3); see Lee v. City of Gadsden, 592 So.2d 1036, 1038 (Ala.1992). If the movant meets this burden, "the burden then shifts to the nonmovant to rebut the movant's prima facie showing by `substantial evidence.'" Lee, 592 So.2d at 1038 (footnote omitted). "[S]ubstantial evidence is evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989); see Ala.Code 1975, § 12-21-12(d).
The adoptive parents moved for a summary judgment on the issue of the biological father's standing. As the biological father correctly argues, he has standing to bring a dependency petition so long as he has knowledge of the facts underlying the allegations of dependency. Ala.Code 1975, § 12-15-52(a) ("A petition may be signed by any person who has knowledge of the facts alleged or is informed of them and believes that they are true."); Rule 12(A), Ala. R. Juv. P. ("Any person or agency having knowledge of the facts may make a complaint to the intake office. . . ."). Although the biological father may not have had standing in another forum, the biological father's petition invoked the dependency jurisdiction of the juvenile court. See Ala.Code 1975, § 12-15-30(a). The fact that the biological father has no rights to custody or visitation by virtue of the adoption *102 of the child is irrelevant to a decision on the standing issue, as were the facts underlying the biological father's dependency allegations. Thus, the juvenile court erred in concluding that the biological father had no standing to file his dependency petition.
The adoptive parents' assertion that the biological father was the only person to have ever made dependency allegations regarding the child is not sufficient, even if true, to entitle the adoptive parents to a summary judgment in their favor. Establishing that fact does not resolve the issue whether the biological father had standing to bring his dependency petition or the issue whether the child is dependent. Even if the biological father was the only person to make dependency allegations, that fact is simply not material to any issue that would entitle the adoptive parents to a judgment as a matter of law. Rule 56(c)(3) (stating that a judgment should be entered in favor of the movant if the evidence demonstrates that there is no issue of material fact and the movant is entitled to a judgment as a matter or law).
Likewise, the adoptive parents' argument that the juvenile court could have concluded that the child was not dependent based on the testimony of the adoptive father at the summary-judgment hearing fails. "A summary-judgment motion simply tests the merits of a case." Rector v. Better Houses, Inc., 820 So.2d 75, 79 (Ala.2001) (citing Champ Lyons, Jr., Alabama Rules of Civil Procedure Annotated, § 56.2 (3d ed.1996)). The summary-judgment hearing had as its purpose to adduce facts necessary to determine whether there existed a genuine issue of material fact regarding the biological father's standing to file his petition. Whether genuine issues of material fact existed regarding the biological father's dependency allegations was not an issue raised in the adoptive parents' motion for a summary judgment. At the summary-judgment hearing, the biological father objected to the adoptive parents' attempt, through the eliciting of the adoptive father's testimony on the dependency allegations, to introduce that issue as an alternate ground for their summary-judgment motion; thus, the biological father was not required to present substantial evidence of those allegations at the summary-judgment stage. See Rector v. Better Houses, Inc., 820 So.2d at 80 (reiterating the rule that a nonmovant need not present substantial evidence of a particular element of his claim unless the movant has shifted the burden to the nonmovant by informing the court "where the [nonmovant's] case suffers an evidentiary failure"); cf. McKenzie v. Killian, 887 So.2d 861, 864-65 (Ala.2004) (holding that the silence of the record regarding whether the nonmovant objected to the movant's possible departure from the ground relied upon in the movant's summary-judgment motion resulted in a presumption that the nonmovant waived any objection to notice the nonmovant may have had under Rule 56(c)).
Accordingly, we reverse the summary judgment entered in favor of the adoptive parents and remand the cause to the juvenile court for proceedings consistent with this opinion.
REVERSED AND REMANDED.
THOMPSON, P.J., and BRYAN and MOORE, JJ., concur.
PITTMAN, J., concurs specially.
PITTMAN, Judge, concurring specially.
I concur in the main opinion, especially that portion declining to address the propriety of the summary judgment on the alternative basis that there is no genuine *103 issue of material fact concerning the dependency of the child.
"[The rule that an appellate court] will affirm the trial court on any valid legal ground presented by the record, regardless of whether that ground was considered, or even if it was rejected, by the trial court. . . . fails in application only where due-process constraints require some notice at the trial level, which was omitted, of the basis that would otherwise support an affirmance, such as . . . where a summary-judgment movant has not asserted before the trial court a failure of the nonmovant's evidence on an element of a claim or defense and therefore has not shifted the burden of producing substantial evidence in support of that element."
Liberty Nat'l Life Ins. Co. v. University of Alabama Health Servs. Found., P.C., 881 So.2d 1013, 1020 (Ala.2003) (emphasis added). I would add, however, that there is no procedural impediment on remand to the filing of a second summary-judgment motion challenging the factual basis of the biological father's dependency petition. See, e.g., McLemore v. Fleming, 659 So.2d 623 (Ala.Civ.App.1994) (affirming second summary judgment entered after remand from this court's reversal of first summary judgment).