PITTMAN, Judge,
concurring specially.
I concur in 'the main opinion, especially that portion declining to address the propriety of the summary judgment on the alternative basis that there is no genuine *103 issue of material fact concerning the dependency of the child.
“[The rule that an appellate court] will affirm the trial court on any valid legal ground presented by the record, regardless of whether that ground was considered, or even if it was rejected, by the trial court .... fails in application only where due-process constraints require some notice at the trial level, which was omitted, of the basis that would otherwise support an affirmance, such as ... where a summary-judgment movant has not asserted before the trial court a failure of the nonmovant’s evidence on an element of a claim or defense and therefore has not shifted the burden of producing substantial evidence in support of that element.”
Liberty Nat’l Life Ins. Co. v. University of Alabama Health Servs. Found., P.C., 881 So.2d 1013, 1020 (Ala.2003) (emphasis added). I would add, however, that there is no procedural impediment on remand to the filing of a second summary-judgment motion challenging the factual basis of the biological father’s dependency petition. See, e.g., McLemore v. Fleming, 659 So.2d 623 (Ala.Civ.App.1994) (affirming second summary judgment entered after remand from this court’s reversal of first summary judgment).