THOMAS, Judge.
Willie Kendrick claimed that he was injured on December 10, 2007, when, he says, Patrick Dewayne Lewis caused a three-vehicle accident because Lewis did not stop his automobile in time to avoid hitting the car ahead of him, which in turn hit the car ahead of it. Kendrick was the driver of the last car to be struck. On December 3, 2009, Kendrick filed a complaint against Lewis and his insurer, State Farm Mutual Automobile Insurance Company (“State Farm”), with the Tuscaloosa circuit clerk’s office, alleging negligence, “gross negligence,” the tort of outrage, and intentional infliction of emotional distress.
On January 6, 2010, the clerk’s office served a summons and complaint upon State Farm but not upon Lewis. On April 14, 2010, State Farm was dismissed from the action and the circuit court ordered Kendrick to perfect service upon Lewis, the only remaining defendant, within 90 days if Kendrick intended to proceed against Lewis. On April 15, 2010, Kendrick provided a written request for service of the summons and complaint upon Lewis to the clerk’s office, and Lewis was, for the first time, served by certified mail on April 26, 2010. Lewis answered on May 20, 2010.
On June 14, 2010, Kendrick moved to add as a defendant his insurer, which, he said, was GMAC Insurance Company. The circuit court granted that motion, and it informed Kendrick that it had treated that motion as a motion to amend his complaint. Subsequently, in the second amendment to the original complaint, Kendrick changed his insurer’s name from GMAC Insurance Company to its correct name, National General Assurance Company (“NGAC”). NGAC was served with a summons and complaint.
On June 25, 2010, Lewis amended his answer to include a statute-of-limitations defense. Lewis claimed that undisputed facts proved that service of the summons and complaint upon him occurred more than two years after the alleged accident. Based on that defense, he filed a motion for a summary judgment on November 12, 2010, pursuant to Rule 56, Ala. R. Civ. P. On December 26, 2010, Kendrick filed his narrative summary of undisputed facts and his brief in opposition to Lewis’s motion for a summary judgment. Kendrick failed to present any evidence to the circuit court in opposition to Lewis’s motion for a summary judgment, although Kendrick gave at least seven different explanations in his brief in opposition to the motion for a summary judgment and other filings as to why service had not been perfected upon Lewis before the statute of limitations had expired.[1] See Fountain Fin., Inc. v. Hines, 788 So.2d 155, 159 (Ala.2000) *901 (“ ‘[m]otions and arguments of counsel are not evidence’ ” (quoting Williams v. Akzo Nobel Chems., Inc., 999 S.W.2d 836, 845 (Tex.App.1999))).
In January 2011, Kendrick filed his third amendment to his original complaint, seeking to assert two additional causes of action.[2] Lewis filed a motion to strike that amendment. At a January 31, 2011, hearing, the circuit court did not rule on the motion for a summary judgment, but it granted Lewis’s motion to strike the third amended complaint, because, the court ruled, Kendrick had failed to comply with Rule 15(a), Ala. R. Civ. P.; Kendrick had neither sought leave of the court nor shown good cause for his third amended complaint, which he filed less than 42 days before the first setting of the case for trial. Furthermore, the circuit court stated that there was “no reasonable probability that the complaint would survive a dispositive motion.” The circuit court ordered that an evidentiary hearing would be held on the material issue whether Kendrick had filed a summons for Lewis with his December 3, 2009, complaint, because, although Kendrick insisted that he had filed the summons for Lewis, the records of the clerk’s office included a note indicating that Kendrick had requested that service upon Lewis be withheld. The handwritten, signed note reads:
“I spoke with A1 Jones, Attorney of Record for [Kendrick] on 12/09/09 at approximately 9:50 am via telephone call. Mr. Jones expressed his wish to not demand a trial by struck jury, and to set the case for a bench trial. Mr. Jones failed to include a civil summons along with his complaint. Mr. Jones informed me that he has (120) one hundred and twenty days until service must be sent, and that he would wait to request service until he finished ‘negotiations.’ ”
The circuit court set a hearing for February 10, 2011, and on February 1, 2011, Kendrick’s attorney, Albert Jones, wrote a letter, addressed to the circuit judge, in which he stated his belief that the issue whether he had filed a summons for Lewis was moot. In the letter, Jones stated, in part, that “[t]his law office, nor its attorney, will render or submit any sworn testimony concerning the record keeping of the issuing of the Summons for [Lewis] in the above referenced case.” Therefore, Jones’s letter both specifically stated that he would not provide evidence in the form of testimony or an affidavit to the circuit court and failed to retract his earlier assertions against the clerk’s office (see note 1, supra). The circuit court confirmed that the hearing would remain scheduled for February 10, 2011. On February 2, 2011, Jones filed a document in which he withdrew the earlier assertions against the clerk’s office in the December 2010 narrative summary of undisputed facts and brief in opposition to the motion for a summary judgment, finally admitting that he had not submitted the summons for, or requested service upon, Lewis on' December 3, 2009.
Accordingly, on February 7, 2011, the circuit court entered a summary judgment in favor of Lewis based on the circuit court’s conclusion that Kendrick had not filed his December 3, 2009, complaint with the intent to serve a summons on Lewis; the circuit court concluded that the case had not been commenced against Lewis before the expiration of the two-year statute of limitations on Kendrick’s claims. The February 7, 2011, judgment was a non-final judgment because Kendrick’s claims against NGAC remained outstanding.[3] Kendrick then filed a “motion to *902 reconsider” the summary-judgment order, which the circuit court denied on February 9, 2011.
Kendrick then filed multiple motions and documents, including a motion to vacate, a motion for leave to amend the motion to vacate, a “renewed” motion to vacate, amendments to the motion to vacate and to the renewed motion to vacate, a motion for clarification of ruling, a “motion to add supplemental evidence,” another brief, and an affidavit from Jones. In his affidavit, Jones did not state that he had requested that service upon Lewis be perfected before April 15, 2010. He said that he recalled a conversation with “the clerk” and that he had not stated that he had 120 days to serve Lewis but that he had asked whether he had 120 days to serve Lewis. He said that he had no recollection of the answer to the inquiry he claims to have made. He alleged that the clerk’s note had been taken “out of context” and that he “never requested that service [upon Lewis] be withheld.” The circuit court conducted a hearing on March 4, 2011, at which Jones and Ryan Montgomery, an employee of the clerk’s office, testified.
Montgomery testified about the note in the file that he had written on December 9, 2009, detailing the telephone call that he had initiated to Jones on that day concerning the lack of a summons for Lewis. Lewis offered the handwritten note into evidence. According to Montgomery’s testimony and the note, Jones “informed [Montgomery] that [Jones] ha[d] (120) one hundred and twenty days until service must be sent, and that [Jones] would wait to request service until he finished ‘negotiations.’ ” Jones, however, testified that he believed that the clerk’s office was responsible for preparing the summons and that Montgomery had misinterpreted the telephone conversation. Following the hearing, the circuit court again entered a summary judgment in favor of Lewis, determining that Kendrick did not have a bona fide intent to commence proceedings against Lewis before December 10, 2009, and denying all pending motions. Kendrick appealed to this court on March 7, 2011.[4]

Standard of Review

“ ‘We review a summary judgment de novo. American Liberty Ins. Co. v. AmSouth Bank, 825 So.2d 786 (Ala.2002).
“ ‘ “We apply the same standard of review the trial court used in determining whether the evidence presented to the trial court created a genuine issue of material fact. Once a party moving for a summary judgment establishes that no genuine issue of material fact exists, the burden shifts to the nonmovant to present substantial evidence creating a genuine issue of material fact. ‘Substantial evidence’ is ‘evidence of such weight and quality that fair- *903 minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.’ In reviewing a summary judgment, we view the evidence in the light most favorable to the nonmovant and entertain such reasonable inferences as the jury would have been free to draw.”
“‘Nationwide Prop. & Cas. Ins. Co. [v. DPF Architects, P.C.], 792 So.2d [369] at 372 [ (Ala.2001) ] (citations omitted), quoted in American Liberty Ins. Co., 825 So.2d at 790.’ ”
Cooper v. Federal Nat’l Mortg. Ass’n, [Ms. 2090983, June 30, 2011] — So.3d —, — (Ala.Civ.App.2011) (quoting Potter v. First Real Estate Co., 844 So.2d 540, 545 (Ala.2002)).
Lewis had the burden to prove that no genuine issue of material fact existed regarding his statute-of-limitations defense, which is an affirmative defense. See Porter v. Fisher, 636 So.2d 682, 684 (Ala.Civ.App.1994). In reviewing the summary judgment, we view the evidence in the light most favorable to Kendrick, the non-movant. When the circuit court entered its summary judgment, both parties agreed that the accident had occurred on December 10, 2007, and that Lewis had received the summons and complaint on April 26, 2010; there existed no genuine issue of material fact as to whether the applicable two-year statute of limitations had run before Kendrick served Lewis with the complaint. See Ala.Code 1975, § 6-2-38(1) (providing that “[a]ll actions for injury to the person or rights of another not arising from contract and not specifically enumerated in this section must be brought within two years”).
We determine that the circuit court did not err by entering a summary judgment in favor of Lewis because Kendrick filed the complaint without the bona fide intent to serve Lewis before the statute of limitations expired. Our supreme court has stated that, although filing a complaint is surely a significant factor for a court to consider in determining whether a party has commenced an action and whether a statute of limitations has thus been tolled, it is not the only factor that a court may consider. Freer v. Potter, 413 So.2d 1079, 1081 (Ala.1982). For practical reasons, a party’s intent is a factor to consider as well. Our supreme court has explained:
“ ‘We hold that in the present case the action was not “commenced” when it was filed with the circuit clerk because it was not filed with the bona fide intention of having it immediately served. To hold otherwise would permit a party to extend unilaterally the period of limitations by an oral request that actual service be withheld, thereby giving that party an additional period of time within which he could conduct an investigation to determine whether in fact, he had a claim. To permit this would violate the fundamental concept of repose found within every statute of limitations.’
“[Ward v. Saben Appliance Co.,] 391 So.2d [1030] at 1035 [ (Ala.1980) ]. A large number of cases support that rule. Jordan v. Bosworth, 123 Ga. 879, 51 S.E. 755 (1905) (filing with note to ‘hold it’ did not constitute commencement of the action until such instructions were withdrawn); Peterson v. Philadelphia Suburban Transportation Co., 435 Pa. 232, 255 A.2d 577 (1969) (‘hold’ order given to sheriff releases party from suit since there was no proper filing); Green v. Ferguson, 184 S.W.2d 790 (Mo.App.1945)(filing of suit with instructions to clerk to hold service until further notice was not the ‘commencement of suit’); Franz v. Radeackar, 264 S.W. 97 (Mo.App.1924) (if clerk is instructed *904 upon filing to withhold service until further notice, action will not be treated as brought until the clerk proceeds with service); McMullen Oil and Royalty Co. v. Lyssy, 853 S.W.2d 311 (Tex.Civ.App.1962) (filing of petition does not toll statute of limitations since there must be a bona fide intent to issue process).”
Freer, 413 So.2d at 1081.
Kendrick attempts to make 10 arguments to this court on appeal.[5] We reject each argument. In large part, Kendrick continues to argue in his brief to this court that a summary judgment in favor of Lewis is improper because, Kendrick says, he had the intent to institute an action against Lewis when he filed his complaint on December 3, 2009.
First, we cannot agree with Kendrick’s argument that the circuit court abused its discretion when it granted Lewis’s motion to strike the January 11, 2011, third amended complaint, which purported to assert claims subject to a longer statute of limitations than the two-year statute of limitations applicable to the claims asserted in his earlier complaints,[6] for failing to comply with Rule 15(a), Ala. R. Civ. P. That rule, which governs amending and supplementing pleadings, provides, in part:
“(a) Amendments. Unless a court has ordered otherwise, a party may amend a pleading without leave of court, but subject to disallowance on the court’s own motion or a motion to strike of an adverse party, at any time more than forty-two (42) days before the first setting of the case for trial, and such amendment shall be freely allowed when justice so requires. Thereafter, a party may amend a pleading only by leave of court, and leave shall be given only upon a showing of good cause.”
As Lewis points out, Kendrick failed to seek leave of the court before attempting to amend his complaint, and he failed to make a showing of good cause. It was within the circuit court’s discretion to grant or to deny the motion to strike the amended complaint.
“Rule 15(a), Ala. R. Civ. P., requires that amendments ‘be freely allowed when justice so requires.’ See Tounzen v. Southern United Fire Ins. Co., 701 So.2d 1148 (Ala.Civ.App.1997). Under Rule 15, the trial court has discretion to allow or to deny amendments, and the trial court’s ruling on that matter should not be reversed in the absence of an abuse of that discretion. Hayes v. Payne, 523 So.2d 333 (Ala.1987).”
Patrick v. Tuscaloosa Cnty. Comm’n, 816 So.2d 46, 51 (Ala.Civ.App.2001). In his *905 brief to this court, Kendrick faults the circuit court for what he characterizes as a swift and decisive refusal to allow his third amended complaint, despite his lack of compliance with our rules of civil procedure. He says that the circuit court could have asked: “ ‘Mr. Jones, before I make my ruling, will you be asking leave of the Court to amend?’” Kendrick contends that “[t]his is indicative of the air of the Court at this point and discretion, from the standpoint of Plaintiffs Attorney was unfocused.” Kendrick attempts to convince this court that the circuit court was simultaneously unfocused, swift, and decisive and that, for no reason other than its ruling was detrimental to him, its refusal to allow the third amendment to the original complaint was an abuse of discretion. We do not agree; there is no evidence of an abuse of discretion.
Kendrick also argues that the circuit court’s order of April 14, 2010, requiring him to serve Lewis within 90 days extended his time to perfect service. We do not agree. Kendrick fails to comprehend that the summary judgment was entered because the applicable statute of limitations had run before he demonstrated a bona fide intent to have a summons served upon Lewis and not because of untimely service. Alabama law required Kendrick to have commenced his action with a bona fide intent to serve Lewis by December 10, 2009. See Ala.Code 1975, § 6-2-88(0 (providing that “[a]ll actions for any injury to the person or rights of another not arising from contract and not specifically enumerated in this section must be brought within two years”).
Kendrick also argues in his brief to this court that a summary judgment in favor of Lewis is improper because, he asserts, the clerk’s office failed in its duty to serve Lewis. However, he presented no evidence to the circuit court in support of his argument. The evidence before the circuit court at the time of the entry of the summary judgment included Montgomery’s testimony and his note stating that Kendrick did not intend to perfect service upon Lewis at the time he filed the complaint and Jones’s testimony and his affidavit in which he did not state that he had requested service upon Lewis before the statute of limitations expired. Consistent with his affidavit, in his testimony at the hearing, Jones was unwilling to testify that he had requested service upon Lewis before April 15, 2010. He said that he had a bona fide intent to commence the action as to Lewis before the expiration of the statute of limitations but that he had no records to prove that he had filed a summons on December 3, 2009. He continued to insist that the clerk’s office took his statements out of context and that it was obligated to serve the complaint upon Lewis. Jones testified as follows:
“THE COURT: [D]o you contend it’s the clerk’s obligation to prepare and generate a summons to go with the complaint?
“MR. JONES: I do, Your Honor.
“THE COURT: All right. So you think by filing the complaint only, with a filing fee, it was the clerk’s obligation to prepare a summons?
“MR. JONES: On December 3rd. I do believe that, Your Honor.”
He further testified that he knew that he had filed a complaint but that he did not recall whether he had “promised” to bring a summons to the clerk’s office. He said: “[Rjeally, my whole argument is on that day a complaint was filed.”
Kendrick contends that this ease is unlike Latham v. Phillips, 590 So.2d 217 (Ala.1991), upon which the circuit court relied in entering the summary judgment in favor of Lewis. Kendrick urges this court to “infer” from the holding in La- *906 tham that an attorney must intentionally “try and keep the filed complaint from being served.” He says that Jones is unlike the attorney in Latham because he paid the filing fee and Lewis’s address was on the complaint “open for all to see.”[7] Again, the evidence before the circuit court at the time of the entry of the summary judgment included Montgomery’s testimony and his note stating that Kendrick did not intend to perfect service upon Lewis at the time he filed the complaint and Jones’s testimony and his affidavit in which he did not state that he had requested service upon Lewis before the statute of limitations expired. The additional undisputed facts that Kendrick had paid a filing fee and had placed Lewis’s address in the complaint cannot alter the fact that Kendrick provided no evidence to the circuit court indicating that he had a bona fide intent to serve Lewis until after the statute of limitations had run.
In another argument, Kendrick contends that Lewis’s reference to Kendrick’s unpleaded claim of wantonness in his answer and in his motion for a summary judgment leads to the result that the wantonness claim was “activated” or, stated more accurately, tried by the implied consent of the parties pursuant to Rule 15(b), Ala. R. Civ. P.[8] We do not agree.
Rule 15(b) provides:
“(b) Amendments to Conform to the Evidence. When issues not raised by the pleadings are tried by express or implied consent- of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice the party in maintaining the party’s action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence. An amendment shall not be refused under subdivision (a) and (b) of this rule solely because it adds a claim or defense, changes a claim or defense, or works a complete change in parties. The Court is to be liberal in granting permission to amend when justice so requires.”
(Emphasis added.)
Kendrick relies on Rector v. Better Houses, Inc., 820 So.2d 75 (Ala.2001), to support his contention that a claim of wantonness was “activated” and tried by the implied consent of the parties. However, as Lewis points out in his brief, Kendrick’s reliance on Rector is misplaced. In Rector, our supreme court clearly distin *907 guished the applicability of Rule 15(b) in the trial context from its inapplicability in the summary-judgment context:
“The summary-judgment context is different from the situation where an un-pleaded defense has been tried on the merits -without objection, because, at the summary-judgment stage of litigation, there has been no trial before a fact-finder. A summary-judgment motion simply tests the merits of a case. See Champ Lyons, Jr., Alabama Rules of Civil Procedure Annotated, § 56.2 (3d ed. 1996). If a court finds those merits lacking, then it properly adjudicates it. While such an adjudication under this scenario is an adjudication on the merits, the adjudication is not the product of a trial on the merits. Thus, where there is no trial, Rule 15(b) cannot apply. See Blue Cross & Blue Shield of Alabama v. Weitz, 913 F.2d 1544, 1549 (11th Cir.1990) (stating, in dictum, that Rule 15(b), Fed.R.Civ.P., the relevant portion of which is identical to Alabama’s Rule 15(b), is inapplicable at the summary-judgment stage because that stage does not involve a trial). For this reason, an affirmative defense the defendant has waived cannot be revived by the fact that it is raised and litigated in a summary-judgment proceeding. Wallace [v. Alabama Ass’n of Classified Sch. Emps.], 463 So.2d [135,] 137 [(Ala.1984) ] (quoting Funding Sys. Leasing Corp. v. Pugh, 530 F.2d 91, 96 (5th Cir.1976)).”
Rector, 820 So.2d at 79. In this case, Kendrick did not properly and timely raise the claim of wantonness in his pleadings and there was no trial on the merits. Accordingly, Rule 15(b) cannot “activate” Kendrick’s unpleaded claim.
Finally, we will not consider Kendrick’s undeveloped arguments that service of process upon State Farm, a potential in-demnitor of Lewis, is sufficient for service upon Lewis, that Lewis’s attorney waived service upon Lewis because he is also the attorney who represented State Farm, or that there exists a “local rule” that forces an attorney to “automatically” supply a summons when the clerk’s office does not “instantly” request the summons. Kendrick has not provided relevant citation to any authority for these arguments; therefore, he has not satisfied the appellate-briefing requirements, and these arguments have been waived. See Rule 28(a)(10), Ala. RApp. P. Our supreme court has stated:
“Indeed, it has long been the law in Alabama that failure to argue an issue in brief to an appellate court is tantamount to the waiver of that issue on appeal. An appellate court will consider only those issues properly delineated as such and will not search out errors which have not been properly preserved or assigned. Humane Society of Marshall County v. Adams, 439 So.2d 150 (Ala.1983); Boshell v. Keith, 418 So.2d 89 (Ala.1982); McNeill v. McNeill, 332 So.2d 387 (Ala.Civ.App.1976); Melton v. Jackson, 284 Ala. 253, 224 So.2d 611 (1969); Pappas v. Alabama Power Company, 270 Ala. 472, 119 So.2d 899 (1960); Schneider v. Southern Cotton Oil Co., 204 Ala. 614, 87 So. 97 (1920). This standard has been specifically applied to briefs containing general propositions devoid of delineation and support from authority or argument. Brittain v. Ingram, 282 Ala. 158, 209 So.2d 653 (1968); Reynolds v. Henson, 275 Ala. 435, 155 So.2d 600 (1963) (later appeal dismissed on other grounds, 277 Ala. 424, 171 So.2d 240 (1965)).”
Ex parte Riley, 464 So.2d 92, 94 (Ala.1985).
In conclusion, the circuit court did not err by entering a summary judgment in *908 favor of Lewis. Kendrick failed to “commence” his action against Lewis within the applicable statutory limitations period. The evidence presented (even viewed as it must be — in the light most favorable to Kendrick) shows that Kendrick did not file a summons for Lewis when he filed the original complaint and that he specifically informed the clerk’s office that he was not requesting service of the complaint upon Lewis. The circuit court did not err in concluding that Kendrick did not show a bona fide intent to commence an action against Lewis before the applicable two-year statute of limitations expired.
AFFIRMED.
THOMPSON, P.J., and PITTMAN, BRYAN, and MOORE, JJ., concur.

. In his brief in opposition to the motion for a summary judgment, Kendrick stated that he understood that his mere filing of the complaint would not commence the action against Lewis but that he had made "diligent” efforts to serve Lewis. He claimed (1) that he had left a summons for Lewis with the clerk’s office and had requested service by certified mail, (2) that he was "sure” that Lewis had been served with the summons, (3) that he was being "punished” for the failure of the clerk’s office to serve Lewis, (4) that State Farm’s awareness of the civil action was a substitute for serving a summons upon Lewis, and (5) that the fact that Kendrick had not made Lewis "physically aware” of the action against him would not lead to "prejudice toward [Lewis's] defense”; Kendrick also expressed his beliefs (6) that the circuit court had given him additional time to serve Lewis and (7) that ”[c]learly the fact that [Kendrick] believes and that it’s [Kendrick’s] attomey['s] standard procedure and practice to present all supportive summons per defendant to the clerk's office at the same time presents mitigating circumstances if the summons does not go out.”

. Kendrick attempted to add causes of action alleging "wanton conduct as to operation of a vehicle” and "trespass upon the person of plaintiff.”

. "A judgment is generally not final unless all claims, or the rights or liabilities of all par *902 ties, have been decided.” Faulk v. Rhodes, 43 So.3d 624, 625 (Ala.Civ.App.2010).

. The circuit court's summary judgment in favor of Lewis did not adjudicate Kendrick’s claims against NGAC. Because the circuit court’s summary judgment did not adjudicate all the claims against all the parties in the action, it was a nonfinal judgment, over which this court lacked jurisdiction. Bean v. Craig, 557 So.2d 1249, 1253 (Ala.1990); Ex parte Harris, 506 So.2d 1003, 1004 (Ala.Civ.App.1987). We remanded the cause to the circuit court for it either to adjudicate Kendrick's claims against NGAC or to certify the summary judgment in favor of Lewis as final for purposes of appeal, pursuant to Rule 54(b), Ala. R. Civ. P. On November 1, 2011, the circuit court certified the summary judgment as final pursuant to Rule 54(b).

. Lewis asks this court to dismiss Kendrick's appeal, pursuant to Rule 2(a)(2)(D), Ala. R.App. P., based on Kendrick’s brief, which, Lewis says, fails to comply with Rules 28 and 32, Ala. R.App. P. Kendrick filed a reply brief in response. Although we decline Lewis’s request, we note that Kendrick’s principal brief and reply brief, at best, only minimally comply with the rules.

. The January II, 2011, amended complaint asserted claims of “wanton conduct as to the operation of a vehicle” and "trespass upon the person of plaintiff.” "Actions for any trespass to the person” “must be commenced within six years.” Ala.Code 1975, § 6-2-34(1). On January 11, 2011, caselaw indicated that a six-year statute of limitations also applied to claims of wantonness. See McKenzie v. Killian, 887 So.2d 861, 870 (Ala.2004). However, on June 3, 2011, our supreme court overruled McKenzie, holding that a two-year statute of limitations applies to wantonness claims. Ex parte Capstone Bldg. Corp., [Ms. 1090966, June 3, 2011] - So.3d -, - (Ala.2011). (Note from the reporter of decisions: On March 16, 2012, the Alabama Supreme Court withdrew the June 3, 2011, opinion in Capstone and substituted another one. See Ex parte Capstone Bldg. Corp., [Ms. 1090966, March 16, 2012] — So.3d -, - (Ala.2012)).

. Kendrick contends that the clerk's office is at fault for not asking him for a summons for Lewis when Kendrick filed the complaint and then for not serving the summons despite his failure to request service. He says that he has violated no rule of procedure because he paid the filing fee and put Lewis's address in the text of the complaint and that his attorney is known to the clerk's office as an "attorney [who] always used certified mailing for service. ...”

. As noted earlier, at the time of the proceedings below, caselaw indicated that a six-year statute of limitations applied to wantonness claims. See note 6, supra.